JUDGE PETERS
delivered the opinion of the court.
By statutory law the several county courts of this commonwealth have jurisdiction for the appointment and removal of guardians and curators to minors, and the settlement of their accounts. (Section 1, art. 1, chap. 43, 1 Revised Statutes, 574.)
The next section of the act confers on the court of the county of the residence of the minor jurisdiction to appoint the guardian of such minor; and the fourth section provides that if the court fails to take such covenant as is *5 provided for and required by tbe preceding section, or accepts such person or persons for surety as do not satisfy it of their sufficiency, the judges present and so in default shall be jointly and severally liable to the ward for any damage he may sustain thereby.
On the 10th of May, 1858, appellee was the presiding judge of the Hardin County Court — appellant then being an infant orphan and a resident of said county; and on that day the Hardin County Court was in session, being held by appellee, and the following order was made by said court.
Ordered, that Washington Smith be appointed guardian for Isabella Daniels, Reuben Daniels, and Charles Daniels, heirs of Richard B. Daniels, deceased; and thereupon the said Smith took the oath required by law, and gave bond, with Thomas Greenly and John D. Withers as his sureties.
This action was brought by Charles Daniels, alleging his infancy and orphanage at the date of said order — the appointment of Smith by said court his guardian; that as such he received under said appointment estate of appellant to the value of $63.07 on the 18th December, 1863; that Smith has failed to pay the same or any part to him, although he had then arrived to twenty-one years of age; and that Smith was insolvent. He alleges that appellee at the time of said appointment failed to take the covenant with security of said Smith, as required by law, and failed to take any bond or covenant whatever of said Smith, whereby the whole amount received by him as his guardian was lost; and he therefore prays judgment against appellee for the amount above named, which was shown by the settlement of Smith with the county judge to be in his hands. None of the allegations of the petition are traversed by the answer except the failure to take *6 the requisite covenant. The law and facts were submitted to the circuit judge, and after hearing the evidence he dismissed appellant’s petition; from which judgment he has appealed.
From the evidence of the clerk of the county court, it appears a book was kept by the clerk which contained all the bonds of guardians for the year 1858, and in which they were taken; that a bond was taken in said book on the 15th of March, 1868, and previous and subsequent thereto; that a bond was taken of Washington Smith as guardian of Isabella Daniels and Reuben Daniels, brother and sister of appellant, with T. B. Greenly and John D. Withers as his sureties; that two bonds were taken in said book on the 10th of May, 1858, and others along from time to time, which were taken in pursuance to orders made by the court on that day, as shown by the records which ere then produced. He proved that no leaf was missing from said book, and no erasures were in it; and upon a search in his office at the request of appellant, and with his attorney, and also at the request of appellee, he was unable to find a bond to appellant by his said guardian. Appellee .read in evidence the order of court heretofore copied, and relied on it as conclusive of the fact that a bond or covenant as required by law had been taken. The effect of that order as evidence may be hereafter considered. But it is satisfactorily shown aliunde that no bond or covenant can be found in the place where it should be. The clerk, who is the legal custodian of the paper if it exists, or if it ever existed, has not got it, and is unable to find it; and if such a bond had ever been executed, it can scarcely be doubted that it would have been in the book of bonds described and produced by the clerk. If the facts proved are true, and it is difficult to refuse them credence, there never was any bond executed. *7 But is the recital in the order, that bond with surety was executed, to overturn all the other facts proved ? It is the evidence of the fact that the appointment of Smith as guardian was made; that is the design and purpose of the order. It is not designed as the evidence of the fact that the bond was executed. No ' action can be maintained against the persons named as the sureties in the order; they can only be bound by the bond. An action to hold them liable must be on it, because it alone is the evidence of their liability.
Moreover, if the order is examined, it shows that Smith was appointed guardian for appellant and his brother and sister at the same time; and it further shows he gave a bond with surety, but does not show for which of the wards he gave the bond, nor that he gave it for the benefit of all of them. He may have given a bond payable to Isabella Daniels alone, or he may have gi^en one payable to her and her brother Reuben, which would have been consistent with the order, although none was executed to appellant.
The order therefore, if it is entitled to the consideration claimed for it, fails to show the important fact that appellee took such a covenant or bond from the guardian as the law required' him to take to excuse himself from liability.
Wherefore the judgment is reversed, and the cause is remanded, with directions for a new trial, and for further proceedings consistent herewith.