JAMES H. TALBOT *v*. SHERMAN ROBINSON, APPELLANT.

*Justice's Jurisdiction.  Offset.  "Matter in Demand."*

A plaintiff's claim in offset to the defendant's offset, where it is disconnected with the matter originally sued for, should not be counted with the plaintiff's original claim, in ascertaining the amount of the "matter in demand" on the part of the plaintiff, as affecting the justice's jurisdiction.

GENERAL ASSUMPSIT.  The case was referred and the referee reported as follows:

" Upon the trial the plaintiff exhibited a specification of his claims, introduced evidence tending to support them, and rested ; the defendant then exhibited a specification of his claims in offset, introduced evidence tending to support them and rested ; the plaintiff then offered evidence to prove claims, not in his specification, in offset to the defendant's offset ; the defendant objected ; the objection was overruled and the evidence was received ; upon all the evidence applicable to these respective claims, I find that the defendant did assume and promise, as the plaintiff has alleged, and find for the plaintiff to recover upon the claims in his specification, damages, $185 ; upon his offset to the defendant's offset, damages, $25 ; and that the plaintiff did assume and promise as the defendant has alleged, and find for the defendant to recover in offset, damages, $135 ; balance of findings in favor of the plaintiff, $75.  The specifications are returned herewith, as a part of this report."

The plaintiff's original specification was a single item, balance of book account; professional services, $179.  The defendant's specification in offset contained seventeen items; amounting to $425.  Nothing returned by the referee with his report shows what the plaintiff's offset to the defendant's offset consisted of, or amounted to.

The defendant moved to dismiss, because he says that the matter in demand in said suit exceeds the sum of two hundred dollars ; and therefore that said suit was not within the original jurisdiction of a justice of the peace to try and determine.

The court at the September term, 1869, BARRETT, J., presiding, having accepted the report of the referee, overruled the motion

to dismiss for want of jurisdiction, and rendered judgment according to the report, for seventy-five dollars ; the defendant excepted.

*Charles N. Davenport*, for the defendant.

*Waterman & Read*, for the plaintiff.

The opinion of the court was delivered by

STEELE, J. The plaintiff's original claim was for one hundred and eighty-five dollars. The defendant filed an offset, and the plaintiff then claimed twenty-five dollars more by way of offset to the defendant's offset. The question is whether the plaintiff's " matter in demand " exceeded two hundred dollars, and this depends on whether the twenty-five dollars is to be counted with the one hundred and eighty-five dollars in ascertaining the amount of the " matter in demand " on the part of the plaintiff. In point of fact, instead of being a part of the plaintiff's " matter in demand," it was a part of his matter in defense, and was used; not as a substantive claim, but in reduction of the defendant's offset. The defendant was at liberty to plead an offset, and the plaintiff was at liberty to answer the plea. It is true the plaintiff could not be permitted to present a portion of an account, and then, after a plea in offset, reply the rest of the same account. This might be a fraud upon the jurisdiction. But the case does not show that the twenty-five dollars was for a matter which it was even in the power of the plaintiff to present in his original exhibit. For instance, it may have been a judgment or a note entirely disconnected with the matter originally sued for, and of which the plaintiff desired to avail himself only by way of partial defense to the defendant's claim in offset.

The motion to dismiss was properly overruled, and the judgment is affirmed.