CASE 53—PETITION ORDINARY—DECEMBER 1.

## Colter v. McIntire.

APPEAL FROM WASHINGTON CIRCUIT COURT.

LIABILITY OF COUNTY JUDGE FOR TAKING INSUFFICIENT SURETY ON A
GUARDIAN'S BOND.—The statute providing that the judge shall be
liable for any damages sustained if he accepts such person or persons
for surety as do not satisfy the court of their sufficiency means that
the judge while sitting as a court shall have personal knowledge
that the surety offered by the guardian is sufficient, or, if he is not
in possession of such knowledge, that he shall institute an inquiry
on the subject.

W. H. HAYS, . ⎫
W. C. McCHORD,⎭ . . . . . . . . . For Appellant,
CITED

General Statutes, chap. 48, art. 1, secs. 3 and 4, p. 503.
9 Bush, 599, Kinnison v. Carpenter.
6 Bush, 4, Daniels v. Vertrees.
1 Blackstone, Cooley's edition, side page 61.

HARRISON & KNOTT, . . . . . . . . . For Appellee,
CITED
Revised Statutes, chap. 43, art. 1, sec. 4.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT.

Sec. 1, art. 1, chap. 43, Revised Statutes (1 Stanton, 574)
provides how and by whom guardians for minors shall be ap-
pointed, and that when thus appointed they are required to give
a covenant to the commonwealth, with good surety, approved
by the court, faithfully to discharge the trust of guardian.

Sec. 4 provides that "If the court fails to take such cov-
enant, or accepts such person or persons for surety as do not
satisfy it of their sufficiency, the judges present and so in de-

fault shall be jointly and severally liable to the ward for any damage he may sustain thereby."

It is alleged in the petition that the defendant, John McIntire, was on the 21st of August, 1866, judge of the Washington County Court, having been duly elected and qualified as such county judge, and that on the day and year last named, while acting as such county judge, he appointed M. H. Kimberlin guardian for plaintiff, George Colter, he then being a minor under 21 years of age, and that said Kimberlin tendered a bond as guardian aforesaid, conditioned, as required by law, with Thomas C. Rinehart and Preston Colter as his sureties, which said bond was then and there approved by said defendant, county judge as aforesaid; and that by reason of the appointment of said Kimberlin as his guardian as aforesaid, a large sum of money, viz., $2,054.30, the money of plaintiff, was paid over to and received by said Kimberlin, his guardian as aforesaid, and that he, the plaintiff, is now and for some time past has been over 21 years of age, and said Kimberlin has failed and refused to pay over to him said money received by him as his guardian, or any part thereof.

And it is averred in said petition that said Kimberlin and his sureties were at the time their said bond was executed and accepted and approved by said defendant totally insolvent, and have remained so ever since the said bond was taken, and that said defendant, county judge as aforesaid, carelessly and negligently failed to take a covenant from his guardian, with good surety, as required by law, and failed to examine into the solvency and sufficiency of said guardian and his sureties when said bond was executed; and that he carelessly and negligently failed to make and require his said guardian to settle his accounts as such, as required by law; and that by the failure of said defendant to take a covenant from said guardian, with good surety, the plaintiff is unable to collect the money, or any part thereof, that was received by said Kimberlin as his

guardian as aforesaid, and he therefore prays judgment against said defendant.

If these allegations are true the defendant could not have been satisfied at the time he accepted the covenant of Kimberlin and his sureties that they were good and solvent, or were sufficient. The words of the *section cited* imply that the judge while sitting as a court should either have personal knowledge that the surety offered by the guardian was sufficient, or if he was not in possession of such knowledge it was his duty to institute an inquiry on the subject of the sufficiency of the surety; and if, as is alleged, the surety and guardian were totally insolvent at the time the covenant was accepted, it is difficult to see how he could have been legally satisfied of the sufficiency of the surety. The demurrer to the petition was improperly sustained.

Wherefore the judgment is reversed, and the cause remanded, with directions to overrule the demurrer to the petition, and for further proceedings consistent with this opinion.