CASE 43—ORDINARY—FEBRUARY 15, 1881.

# Burdine, &c., v. Pettus.

### APPEAL FROM PULASKI CIRCUIT COURT.

1. In this suit against a county judge for accepting insufficient sureties. upon a guardian's bond, there is no averment that appellee knew the sureties were insolvent when they executed the bond, or that he had any reason to believe that their estate was insufficient to· secure the ward.

2. There is no averment that the evidence heard by appellee was insufficient to satisfy one of ordinary judgment that the sureties were insolvent, or that he failed to hear any proof on the subject.

·3. The petition is insufficient.

MORROW & NEWELL FOR APPELLANT.

It was not necessary to aver that execution upon the judgment against Hale, the guardian, had been returned "no property found," to maintain the action. The allegation is that appellee, as county judge, accepted insufficient security on the bond. The petition contains a cause of action. (Stanton's Rev. Stat., chap. 43, art. 1,. sec. 4; Daniels v. Vertrees, 6 Bush, 4; Coulter v. McIntyre, 11 *Ib.*,. 565; Ky. Law Rep., vol. 1, 66.)

W. H. PETTUS FOR APPELLEE.

1. If the county judge is satisfied of the sufficiency of the security· offered, he cannot be held liable to the ward.

2. He accepted the sureties in good faith. There is no averment that he knew or believed the sureties were insolvent, or that the evidence before him would convince one that such was the case. (Sec. 5, art. 1, chap. 48, Gen. Stat.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The fourth section of article 1, chapter 48, General Statutes, provides, that "if the court fails to take such covenant, or accepts such person or persons for surety as do not satisfy it of their sufficiency, the judge so in default and his sureties shall be jointly and severally liable to the ward for any damage he may sustain thereby." It is alleged in the petition in this case that the appellee (the county judge) accepted the covenant, and the sole ground of recovery is, that the sure-

ties at the time they executed the bond were insolvent, and have so continued since. There is no allegation that the county judge knew they were insolvent at the time they executed the bond, or that he had any reason to believe their estate was insufficient to fully secure the ward; nor is there an averment that the evidence heard by the judge was insufficient to have satisfied one of ordinary judgment that the sureties were insolvent, or that he failed to hear any proof on the subject. The effect of a judgment against the county judge on such a petition would be to make him an insurer of the solvency of all the sureties accepted by him on such bonds, and prevent any prudent man from holding such a position. If the judge, after hearing the testimony as to the sufficiency of the sureties, is satisfied that they are solvent, and the evidence is such as would satisfy one of ordinary judgment of that fact, he has discharged his duty, and having accepted the bond, this presumption will be indulged until the contrary is made to appear.

Judgment affirmed.