CASE 42—PETITION ORDINARY—FEBRUARY 10.

# Cosby, &c., v. Commonwealth.

APPEAL FROM GRAVES CIRCUIT COURT.

A COUNTY JUDGE IS LIABLE UPON HIS BOND for damage resulting to a ward from his failure to annually inquire into the solvency of the guardian's sureties, or from his failure to require of the guardians additional security, when, from such inquiry, or from information acquired in any other way, he has reasonable grounds to believe that the sureties are insolvent or in failing circumstances. These duties being enjoined by statute, the judge and his sureties are liable for the failure to perform them, although the statute leaves a discretion as to how they shall be done.

ROBERTSON, SMITH & ROBBINS FOR APPELLANTS.

The duties of the county judge under section 14, article 1, chapter 48, General Statutes, are judicial in their character, and therefore he is not liable upon his bond for any default in the performance of such duties. (Gorham v. Luckett, 6 B. M., 158; Colter v. McIntire, 11 Bush, 565; Fletcher v. Light, 4 Bush, 307; Isaacs v. Taylor, 3 Dana, 600; Murray v. Oliver, 3 B. M., 1; Kinnison v. Carpenter, 9 Bush, 602; Wheatley v. Mercer, 9 Bush, 707; 5 Wait's Actions and Defenses, 35; Ayers v. Cox, 10 Bush, 207; Commonwealth v. Jones, 10 Bush, 749; Ex parte Harrison, 23 Am. Rep., 561; Cooley on Torts, 377, 378, 408, 409; Gayle v. Owen County Court, 83 Ky., 64; Bank Lick Turnpike Co. v. Phelps, County Judge, 81 Ky., 613; People v. Supervisors, 10 Cal., 344; Flournoy v. City of Jeffersonville, 79 Am. Dec., 471; 7 Ky. Law Rep., 143.)

D. G. PARK FOR APPELLEE.

1. The duty of the county judge, prescribed in section 14, article 1, chapter 48, General Statutes, is ministerial. (Smith v. Cochran, 7 Bush, 555; McNutt v. Livingston, 7 Sm. & Marsh, 648; Wait's Actions and Defenses, vol. 5; Flournoy v. City of Jeffersonville, 7 Ind., 173, 174; Hoke v. Commonwealth, 79 Ky., 570; Taylor v. Commonwealth, 3 J. J. Mar., 405; Boyd v. Ferris, 10 Humph., 407; Spear v. Smith, 9 Lea, 486.)

2. For the failure to perform a ministerial duty an officer is liable upon his bond. (Murfree on Official Bonds, sec. 314; Kinnison v. Carpenter, 9 Bush, 603; Shear. & Red. on Negligence, sec. 156.)

3. The duty imposed upon the officer in section 14 is for the benefit of the

ward, and the ward may maintain the action in the name of the Commonwealth for his use and benefit. (Gen. Stats., chap. 81, sec. 9; Murfree on Official Bonds, sec. 504.)

4. In general, when reference is made to the county court in regard to ministerial duties, it means the county judge. (Cook v. Logan County, 6 Ky. Law Rep., 360.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellants as the sureties on the official bond of the county judge of Graves county, seeking to hold them responsible for the amount of money that went 'into the hands of appellee's guardian, and to which the appellee was entitled, but which the appellee lost by reason of the insolvency of said guardian and his sureties, upon the ground of the negligent and careless failure of the said judge to annually inquire into the solvency of said guardian's sureties, and to cause the guardian to give additional security, there being cause to believe that said sureties were insolvent, and by reason of said failure the appellee lost his estate confided to said guardian.

Section 14, article 1, chapter 48, General Statutes, upon which the appellee relies, is as follows : "The court shall annually inquire into the solvency of sureties for guardians, and if, at any time, it has cause to believe that the sureties of a guardian are insolvent or in failing circumstances, it shall, after summoning the guardian, require him to give additional security."

This court, in the cases of Daniels v. Vertrees, 6 Bush, 4, and Commonwealth for the use of, &c., v. Netherland's Adm'r, 87 Ky., 195, decided in the first-named case that, under the fourth section of article 1, chapter

48, of the General Statutes, the sureties of the county judge were responsible for any money belonging to a ward of the guardian which the latter failed to pay to his ward, provided the county judge failed to require the guardian to give security, and in the latter case that the sureties were responsible for any money that the guardian failed to pay to his ward, if his putative surety never signed, or authorized his name to be signed, to said bond, and was released from liability thereon on that account. Also, in the case of Burdine, &c., v. Pettus, 79 Ky., 240, which was an action against the sureties of the county judge under section 4, *supra*, for taking insufficient surety of the guardian, it is said: "If the judge, after hearing the testimony as to the sufficiency of the sureties, is satisfied that they are solvent, and the evidence is such as would satisfy one of ordinary judgment of that fact, he has discharged his duty, and, having accepted the bond, this presumption will be indulged until the contrary is made to appear."

According to the inference to be drawn from what is here said, and from what is said in Colter v. McIntire, 11 Bush, 565, the rule seems to be that if the county judge, in taking the sureties of the guardian, takes them upon such knowledge of his own, or upon the evidence of others, as should not satisfy him as a person of ordinary judgment that they are sufficient security for the forthcoming of the ward's estate confided to the custody of the guardian, he and his sureties will be liable on his official bond for the ward's loss by reason thereof. Now the question is, are the judge and his sureties on his official bond liable to the ward

for the neglect of the judge to annually inquire into the solvency of the sureties of the guardian, and to require additional security if he has cause to believe that the sureties are insolvent or in failing circumstances, or if he, at any time, has cause to believe that the sureties are insolvent or in failing circumstances, and neglects to require of the guardian additional security, whereby in either case loss ensues to the ward.

It seems that by said section it is mandatory upon the judge to inquire at least once a year into the solvency of the guardian's sureties, and if he has cause to believe that the sureties are insolvent or are in failing circumstances, it is his duty to require the guardian to give additional security, and if, at any other time, he has cause to believe that the sureties are insolvent or in failing circumstances, it is his duty to require such additional security. Now it is his specific statutory duty to inquire into the solvency of the sureties at least once a year. He has no discretion as to this duty. Why was this duty imposed upon him? The answer is, that infants having estates are, by reason of their inability to take care of the same, under the special protection of the State, and the State has made the county court its agent to confide such estates to the custody of prudent and safe persons, and to require of them solvent sureties that they will faithfully discharge their trust; and it is made the judge's duty, at least once a year, to inquire into the solvency of these sureties, and if he has cause to believe that they are insolvent or in failing circumstances to require the guardian to give additional security. As

said, the duty to inquire into the solvency of these sureties is mandatory ; he has no discretion as to that duty except as to the manner of making the inquiry ; as to this, he can make the inquiry in any manner that will elicit the information with reasonable certainty.

Now, it is generally held, and it seems to us to be sound, that if the law enjoins upon the county judge a duty like this, although leaving a discretion as to how it should be done, and he fails to do it, he and his sureties on his official bond are responsible for the damage that flows from such failure. And it is equally clear, that if he makes the inquiry as indicated above, and it should cause him, as a person of ordinary judgment, to believe that the sureties were insolvent or in failing circumstances, and he failed to require additional security of the guardian, whereby damage has ensued to the ward, he and his sureties should be held responsible therefor. The duty to thus require additional security, under the circumstances named, is as positively enjoined as is that of making the inquiry ; but if, upon such inquiry made as above indicated, he, as a man of ordinary judgment, is deceived as to the solvency of the sureties, he should not be held responsible. Also, if at any time he, as a man of ordinary judgment, has cause to believe that the sureties are insolvent or in failing circumstances, and he fails to require of the guardian additional security, whereby damage is sustained by the ward, he and his sureties are responsible. As said, the estate of the infant is under the special protection of the State, and the county judge is made its agent to provide for its protection by appointing a suitable person to be the custodian of the estate, and

require of him security that he will faithfully discharge the trust ; and owing to the frequent loss of such estates by the reckless conduct of the guardian, and inadequacy or subsequent insolvency of the sureties, the Legislature enjoined the foregoing duties upon the county judge ; and to hold that they are purely judicial, and that the judge is not liable on his bond except for a malicious or corrupt abuse of discretion, would defeat the salutary object in view; but to hold that the duty is enjoined by law, and for the failure to perform such duty, or for a failure to exercise, in its performance, as much judgn ent and discretion as a person of ordinary judgment and discretion should exercise simi-larly situated, whereby damage to the ward ensues, he and his sureties are liable on his bond, would meet the object that the Legislature had in view.

The judgment is affirmed.