Filed March 14, 1894.

* * *

No. 16,141.

SMALL ET AL. *v.* KENNEDY.

SET-OFF.— *Counterclaim to Counter-claim.*—A counterclaim may be pleaded to a counter-claim.

SAME.—*Judgment as a Set-off Pleaded to a Set-off can not be Ordered.*— A set-off or counter-claim may be pleaded to defeat any affirmative matter set up by way of answer, but such set-off or counterclaim can not, by way of reply, be made the subject of a substantive claim upon which a judgment may be founded.

PLEADING.—*Departure.—Set-off.*—In an action to foreclose a mortgage, where the defendant pleads a counterclaim, the plaintiff may reply by pleading another indebtedness of the defendant to him without incurring the charge of a departure.

FRAUD.—*Vendor Ignorant of Falsity of his Representations.*—In order to maintain an action for fraud in representing that land situated in another State is of less value than represented, when the contract of sale is made in this State and the purchaser does not know its value, it is not necessary to allege that the vendor knew his representations were false.

From the Morgan Circuit Court.

*J. H. Jordan, O. Matthews, F. J. Van Vorhis* and *W. W. Spenser,* for appellants.

*W. S. Sherley* and *M. H. Parks,* for appellee.

COFFEY, C. J.—This was an action by the appellee against the appellants, in the Morgan Circuit Court, to foreclose the mortgage set out in the complaint.

The complaint alleges, among other things, that the appellant Samuel Small executed the notes in suit on the 3d day of November, 1888, and on the same day executed the mortgage, the foreclosure of which is sought to secure their payment; that on the 3d day of December, 1888, he sold and conveyed to the appellants Thomas P. Mills and Anna Mills the real estate described in the mortgage, and that they, as part of the purchase-price of said land, assumed and agreed to pay one-half of the debt secured by the mortgage.

The appellee sought a personal judgment against the appellants Samuel Small, Thomas P. Mills and Anna Mills, and a foreclosure of the mortgage against all of the appellants.

The appellants, Samuel Small and Thomas P. Mills answered jointly:

*First.* The general denial.

*Second.* That at the time of the sale of the real estate, described in the mortgage by the appellee to the appellant Small, and the execution of the notes and mortgage in suit by Small to the appellee, the appellants, Small and Mills, were partners, and that the land was conveyed to Small for convenience, for the use of both of the appellants; that the notes in suit were in fact executed without any consideration whatever.

*Third.* The third paragraph avers the same facts as the second, so far as they relate to the partnership, and, in addition thereto, avers that $900 of the consideration of

the notes in suit was the purchase-price of the real estate described in the mortgage; that at the time of the sale of said land to the appellants, the appellee falsely and fraudulently represented to them that he had a good and indefeasible title to said land in fee-simple; that relying on such representations they purchased said land and took a deed of conveyance thereto to Small for the use of the firm; that said representations were false, as the appellee at the time knew, he having no title to said land, and that since said conveyance the appellants, in order to avoid litigation, had surrendered said land to one John Carriger, who was the true owner thereof; that by reason of the premises the appellants had been damaged in the sum of $1,000, which they asked might be recouped against, in the notes in suit.

*Fourth.* The fourth paragraph of the answer avers that at the time the appellee sold the land described in the mortgage to the appellants, as part of the same transaction, he also sold them a stock of goods and groceries, the same being in the storeroom situate on said real estate; that in order to induce the appellants to purchase said goods and groceries, the appellee warranted the same to be new, fresh, full, and complete, and that the boxes, barrels, cases, cans, and depositories then and there in said storeroom were full of groceries and goods of a quality and character sufficient to equal the value of $1,200; that relying upon said representations and warranty, and believing the same to be true, they purchased the same of the appellee at the agreed price of $1,200, without making any inspection thereof, and without any knowledge to the contrary; that said goods and groceries were old; that the boxes, barrels, cans, cases, and depositories were empty, and that said stock was not full and complete, and was not sufficient in quantity and grade to equal the value of $300, by reason of which ap-

pellants were damaged $900, which they asked might be recouped against the notes in suit.

*Fifth.* The fifth paragraph of the answer is the same as the fourth, except that in this paragraph the representations, in the relation to the goods and groceries, are averred to have been made with the intent to cheat and defraud the appellants instead of averring a warranty.

To these several answers the appellee replied:

*First.* The general denial.

*Second.* By way of counterclaim, that at the time of the execution of the notes and mortgage in suit, the appellee and his wife were the owners of the land described in the mortgage, and the goods and groceries mentioned in the answers of the appellants, all of the value of $3,-600; that at the date of said mortgage he and the appellants agreed to exchange said real estate and goods and groceries for three hundred and twenty acres of land in the State of Kansas, owned by the appellants, the notes in suit being executed to the appellee for the agreed difference in value between said land in Kansas and the land described in ,the mortgage, and said goods and groceries; that to induce the appellee to accept said Kansas land the appellants made certain false and fraudulent representations as to the location and improvement thereof, upon which the appellee relied and was induced thereby to make such exchange; that said representations were false and that the land was worth $2,000 less than it would have been worth had it been as represented.

*Third.* The third paragraph of the reply is the same as the second, except that it alleges that the appellants made certain warranties as to the location and improvement of the land in the State of Kansas, which warranties were untrue.

*Fourth.* The fourth paragraph of the reply is an ar-

gumentative denial of the allegations contained in the fourth paragraph of the answer filed by the appellants.

Upon the issues the cause was tried by the court, resulting in a finding for the appellee in the sum of $772.39, on his complaint, and the further sum of $1,300 on the counterclaim set up in the reply.

Upon these findings, the court, over a motion for a new trial, rendered judgment. The court also overruled a motion filed by the appellants to modify the judgment.

The joint errors properly assigned by the appellants are:

*First.* That the court erred in overruling the demurrer of the appellants to the second, third and fourth paragraphs of the appellee's reply.

*Second.* That the court erred in overruling the motion of the appellants in arrest of judgment.

*Third.* That the complaint does not state facts sufficient to constitute a cause of action.

*Fourth.* That the reply and counterclaim does not state facts sufficient to constitute a cause of action.

The appellant Thomas P. Mills also assigns separate error, as follows:

*First.* That the court erred in overruling his separate motion for a new trial.

*Second.* That the court erred in overruling his separate motion to modify the judgment.

*Third.* That the reply and counterclaim does not state facts sufficient to constitute a cause of action.

*Fourth.* That the complaint does not state facts sufficient to constitute a cause of action.

It is insisted, by the appellants, in their brief, that the circuit court erred—

*First.* In overruling their demurrer to the second, third and fourth paragraphs of the appellee's reply.

*Second.* In overruling their motion in arrest of judgment.

*Third.* In overruling their motion for a new trial.

*Fourth.* In overruling their motion to modify the judgment.

It is contended that the matter set up in the reply was a departure from the complaint, and not proper matter to be set up in a reply, but we think otherwise.

Section 357, R. S. 1881, provides that "When any paragraph of the answer contains new matter, the plaintiff may reply to it by general denial; and may, also, in separate paragraphs, reply any new matter which supports the complaint and avoids the new matter in such paragraph of the answer."

The paragraphs of the answer to which these replies are addressed are pleaded by way of counterclaim, and we think it was perfectly legitimate for the plaintiff to reply any matter which would defeat the answer, and thus leave the cause of action set up in the complaint intact. Such a course would certainly sustain the complaint, while at the same time it avoided the answer. It is has often been held by this court that the plaintiff may reply a set-off to a set-off, and upon the same principle there is no reason why he may not reply a counterclaim to a counterclaim. *Turner* v. *Simpson*, 12 Ind. 413; *Reilly* v. *Rucker, Exx.*, 16 Ind. 303; *Peden* v. *Mail*, 118 Ind. 556.

No question as to parties was made in the circuit court, and for that reason no such question can be presented here.

The reply is not defective for failure to allege that the appellants knew their representations, as to the location and improvement of the Kansas land, were false. Such an allegation was not necessary. Everyone is conclusively presumed, under such circumstances as surround

this case, to know the condition and location of his own property. *Bethell* v. *Bethell*, 92 Ind. 318; *Frenzel* v. *Miller*, 37 Ind. 1; *Brooks* v. *Riding*, 46 Ind. 15; *Krewson* v. *Cloud*, 45 Ind. 273; *Booher* v. *Goldsborough*, 44 Ind. 490; *Campbell* v. *Frankem*, 65 Ind. 591; *Cowger* v. *Gordon*, 4 Blackf. 110.

As we have said, the fourth paragraph of the reply amounts to nothing more than an argumentative denial of the fourth paragraph of the answer filed by the appellants.

In our opinion, the court did not err in overruling the demurrer of the appellants to either the second, third or fourth paragraphs of the reply filed by the appellee.

The motion in arrest of judgment was based upon the supposed insufficiency of the reply, and what we have already said disposes of it. As the reply is sufficient, the court did not err in overruling the motion of the appellants in arrest of judgment.

By the motion for a new trial the appellants called in question the ruling of the court in the admission of evidence, as well as the sufficiency of the evidence, to sustain the findings of the court.

The evidence, to which objection was made, tended to prove the allegations in the reply, and was admissible. The evidence in the cause, we think, tended to support the finding of the court on every material point in controversy. We can not disturb the finding on the weight of the evidence.

With some hesitation we have reached the conclusion that the court below erred in overruling the motion of the appellants to modify the judgment.

We have not been cited to any authority, nor do we know of any, holding that affirmative relief may be granted upon a reply. The rule is, as we understand it,

that a set-off or counterclaim may be utilized, by way of reply, to defeat any affirmative matter set up by way of answer, but such set-off or counterclaim can not, by way of reply, be made the subject of a substantive claim upon which a judgment may be based. Waterman on Set-off, sections 715–722; *Talbot* v. *Robinson*, 42 Vt. 698.

The language of the statute above set out clearly indicates, we think, that no new substantive claim, upon which judgment may be rendered, can be set up by way of reply.

The judgment and decree of the circuit court upon the notes and mortgage in suit is affirmed, and the judgment of the circuit court upon the claim set up in the reply is reversed, with directions to modify the judgment by striking therefrom the judgment for one thousand three hundred dollars.

Filed March 10, 1893.