## Weikel v. Sterns, et al.

(Decided March 2, 1911.)

Appeal from Jefferson Circuit Court.
(Common Pleas Branch, Third Division).

Where a vendor of real estate knows that it is to be used by the purchaser for residence purposes, and that conditions exist which, a man of ordinary prudence would know, render the property unfit for a residence, he is liable to an action for damages for fraud where he fails to disclose the condition, although he may not in fact intend to commit a fraud upon the purchaser.

HARRISON & HARRISON for appellant.

EDWARDS, OGDEN & PEAK for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

W. A. Sterns and wife bought a house and lot in Louisville from Fred Weikel. They afterwards brought this suit against him to recover damages for deceit in the sale of the property. On the trial of the case in the circuit court there was a verdict and judgment in their favor for $250. Weikel appeals.

Practically the only question made on the appeal is that the court should have peremptorily instructed the jury to find for the defendant under the evidence. The facts shown are these: Weikel owned a lot at the corner of Park and Frankfort avenues in the city of Louisville. On the front of the lot he built a drug store with a residence flat overhead. On the rear of the lot he had a stable. The sewage from the drug store and the flat overhead was run into a pit which he had dug at the back of the lot under the stable. After some years he tore the stable away, and erected where it stood a dwelling house; and this was the property which he sold Sterns about the time the house was finished, and before it had been occupied. The pit referred to when he tore the stable away, was full. He had it cleaned out about a foot below the level of the cellar which he dug, leaving about eight feet of the pit full of sewage, in the middle of the cellar; and this he covered over with clay, the pipe from the drug store building still emptying into the pit. In this condition of things, he sold the property to Sterns telling him nothing of the pit or the pipe running into it, which was

covered up with the clay which he had put over it. The tenant which Sterns put in the property vacated it in two weeks on account of the odor, and he was unable to get any other tenant to move into the house. Finally, after some months he discovered the existence of the pit, had it cleaned out, had the pipe disconnected, and had the pit filled with clay. After this he had no trouble, and this action was brought for the damages he had sustained in the meantime.

It is insisted for Weikel that an action for deceit does not lie unless the fraud was knowingly practiced or there was an intentional suppression of facts where the defendant was in duty bound to disclose them. (Kerr on Frauds, 382-384; Shive v. Merrit, 31 R., 978.) But a man must be presumed to intend the necessary consequences of his own voluntary act. The voluntary doing of an act which necessarily results in injury to another where the party knows the facts, and had reason to know that the injury will result, will sustain an action for fraud. (20 Cyc., 2738.) It is not necessary that a misrepresentation in words be made. The house which Weikel had built was built for a residence. He knew when he sold it to Sterns that Sterns was buying it to rent to another as a residence. He knew the pit full of sewage was in the cellar, and a reasonable man situated as he was must have known that such a pit with a pipe running into it carrying in water and more sewage every day in a cellar under a house, would render that house unfit for a residence. To sell such a house without disclosing the situation, when the purchaser would have no means of knowing the facts from the pit being covered up as it was, was to practice a fraud upon him. It is insisted that Weikel acted in good faith and without knowledge of the real condition of things, but the proof shows that he knew enough facts to put a reasonable man on notice; and when he sold an innocent purchaser the house, causing him a loss by reason of the concealment of the facts, the loss should fall on him and not on the purchaser. We rest our judgment on the ground that the facts which he knew were sufficient to apprise a man of ordinary prudence of the truth, and to impose upon him the duty to inform the purchaser of the situation which he had concealed from him. (Condor v. Pickett; 78 Ala., 331; Caldwell v. McClelland, 3 Sneed (Tenn.), 150; Minor v. Sharon, 112 Mass., 477.)

Judgment affirmed.