### Elsey v. Lamkin.

(Decided January 15, 1914.)

### Appeal from Carlisle Circuit Court.

1. Vendor and Purchaser—Fraudulent Concealment.—Where a vendor sells a farm upon which are located two graveyards; and informs his vendee of the existence of one and conceals from him the existence of the other, even if he was under no duty to make any disclosure, he cannot seek refuge in the maxim caveat emptor for he cannot tell half the truth, creating the false impression that he has told the whole truth, and then avail himself of the maxim.

2. Fraud—Fraudulent Concealment.—Whether a vendor of land is under any duty to make disclosure of the existence of graveyards thereon or not, where there are two graveyards on a farm, and the vendor makes disclosure of one and conceals from his vendee the existence of the other, thereby creating a false impression upon the mind of the vendee that full disclosure has been made, he cannot seek refuge in the maxim caveat emptor.

JOHN E. KANE and M. T. SHELBOURNE for appellant.

R. L. SMITH and JESS F. NICHOLS for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

On October 11, 1910, appellant sold and conveyed to appellee sixty-seven and thirty-three one hundredths acres of land in Carlisle County. The consideration paid was $6,000. On October 25, 1912, appellee sued appellant for five hundred dollars damages, upon the ground that at the time of his purchase of the farm in question, there was about an acre and a third in the center of a twelve-acre field, over which is scattered a number of graves; alleging that appellant fraudulently concealed from appellee the existence of the graves thereon; that appellee did not know of the existence thereof, the land being grown up in briers and bushes so that he could not detect same; and that because of said graves, the farm so purchased was worth $500 less than it would have been if said graves had not been thereon. The jury found for plaintiff, fixing his damages in the sum of four hundred and fifty dollars; and defendant appeals.

Appellant first contends that the rule *caveat emptor* applies; and cites section 904 of Pomeroy on Equity Jurisprudence, which is as follows:

"In ordinary contracts of sale, where no previous fiduciary relation exists, and where no confidence, express or implied, growing out of or connected with the very transaction itself is reposed on the vendor, and the parties are dealing at arms length with each other, and the purchaser is presumed to have as many reasonable opportunities for ascertaining all the facts as any other person in his place would have had, then the general doctrine already stated applies; no duty to disclose material facts known to himself rests upon the vendor; his failure to disclose is not a fraudulent concealment."

But, this case is not brought squarely within this doctrine. It appears that there were two graveyards on the farm which appellant sold to appellee; one the subject of complaint in this action—the other on the outer edge of the farm. Appellant admits that he pointed out the one on the outer edge, and claims that he pointed out both of them. Appellee's contention is that appellant only showed him the one on the outer edge, and failed to show him the one in the center of the field; and under the instructions, the jury was required to believe appellee's contention before they could find for him. If appellant did show the one and fail to show the other, then, whether he was under any duty in law to make *any* dis-

closure to appellee, or not; when he *did* make disclosure as to *one* of said graveyards, he came charged under the law with the duty to make disclosure of the *other*. In other words, a vendor can not, where he is under no duty to make disclosure, tell half the truth and conceal the other half, thereby creating upon the mind of the vendee a false impression that *full* disclosure has been made and the *whole* truth told; and then seek refuge under the maxim "*caveat emptor.*"

Complaint is also made of the instructions. In substance the court charged the jury that if plaintiff did not know of the existence of said graveyard before his purchase of the farm, and defendant fraudulently concealed from plaintiff the fact that the said graveyard was located thereon, they should find for plaintiff. Appellant contends that having used the term "fraudulently concealed," the court should have given an instruction defining "fraudulent concealment." If plaintiff did not know of the existence of said graveyard at the time of his purchase and defendant informed him of the one but concealed from him the existence of the other, the concealment was as above indicated a fraud as a matter of law; and the instruction complained of would have been in proper form if the word "fraudulently" had been omitted therefrom. This word was, threfore, surplusage, and the instruction really more favorable to appellant than he was entitled to. Moreover, the record discloses no request by appellant for an instruction defining "fraudulent concealment." He can not, therefore, now complain.

Appellant also contends that certain evidence on the issue of damages was improperly allowed to go to the jury. The measure of damages was the difference between the market value of the farm as it was at the time of the said sale, and what its market value would have been at that time without said graveyard upon it. The witnesses should have been properly qualified, and then should have been asked to state the two values above mentioned. But the record discloses no objection to the testimony by which the damages were proved, except in one instance; and a number of other witnesses testified on this subject, and to their testimony no objection was malde. Two of them were asked as to the difference in the market value and one of these fixed the difference as high as one thousand dollars. Appellant

was, therefore, not prejudiced by the admission of the testimony to which he did offer objection, especially as the jury was confined by the instructions to the difference between the fair market value on the day of sale and what the fair market value of the land would have been if the graveyard in question had not been located thereon.

The judgment of the lower court is affirmed.