### Adkins v. Stewart.

(Decided May 26, 1914.)

### Appeal from Boyd Circuit Court.

Fraud—Fraudulent Concealment.—Actionable fraud may consist as well of the concealment of what is true as the assertion of what is false. Fraudulent concealment implies knowledge of the fact concealed. The knowledge may be actual, or the circumstances such as to warrant the inference of knowledge upon his part. Where, in an action for fraudulent concealment, the ma·· terial fact alleged to have been concealed was that a part of the land had been overflowed by poisonous waters and rendered sterile, and that this fact the seller concealed from the buyer, proof of the failure of one crop upon the land in question was

held insufficient to warrant the inference of knowledge of the sterility of the land upon the part of the seller.

S. S. WILLIS for appellant.

J. F. STEWART for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Oscar Stewart sued S. G. Adkins in the Police Court of Ashland to recover fifty dollars upon two notes. The defendant answered, alleging that Stewart had induced the execution of the notes sued on by fraud and misrepresentation in the sale by plaintiff to defendant of a lot of household furniture, in part payment for which the notes were given.

By a second paragraph of his answer, Adkins, the defendant, set up a counter-claim of seventy-two dollars based upon an alleged breach of warranty in the sale of the household furniture mentioned, alleging that he had paid plaintiff therefor the sum of one hundred and thirty-two dollars whereas the furniture was not worth to exceed sixty dollars.

By a third paragraph, the defendant alleged that he purchased a tract of land from plaintiff, containing eight acres, for which he paid plaintiff eleven hundred dollars; that plaintiff knew he purchased it for the purpose of tilling it; that there was an acre and a half of the land which had been overflowed by poisonous waters from coal mines, thereby destroying its fertility, so that it would not produce crops at the time of defendant's purchase of the farm; and that plaintiff fraudulently concealed this condition from defendant; that such condition was not discoverable by an ordinary inspection; and that by such fraudulent concealment, plaintiff had damaged defendant in the sum of two hundred and fifty dollars.

Upon the filing of this answer and counter-claim the case was transferred to the Boyd Circuit Court; and upon a trial in that court, there was a peremptory instruction to the jury to find a verdict for the plaintiff. Defendant appeals.

It is conceded that as to the counter-claim contained in the second paragraph of the answer, the ruling of the lower court was correct; but appellant contends that the court erred in withdrawing from the jury the claim for

damages for fraudulent concealment in the sale of the land, as set up in the third paragraph of the answer.

Defendant testified that when he went to examine the land, he noticed that some low ground was fenced up separately, and that he asked plaintiff what he had that fence there for; and that plaintiff replied that he had planted that part in corn, but that the water in the creek had overflowed the land and drowned out the corn; so he then fenced that part of the land to keep his cow in, and to keep her out of the orchard.

Defendant further testified that after his purchase of the land from plaintiff, he plowed up that part referred to, and planted it in corn; that the corn came up about "finger length high," and then perished away. He then sowed it in millet, and that it likewise perished away; and that he had never been able to produce anything on that acre and a half.

A witness for defendant testified that before he sold the land to defendant, plaintiff planted that part of the land in corn, but the crop failed; and that he then fenced it up. Another witness for defendant testified that the acre and a half mentioned would not produce anything when plaintiff owned it, but he does not say what Stewart tried to produce on it.

Defendant contends upon this evidence the court erred in peremptorily instructing the jury to find for plaintiff.

"According to the weight of authority, the rule of *caveat emptor* applies to sales of land; and the purchaser under ordinary circumstances, is required to use reasonable prudence to avoid deception. Thus, where the subject matter of the representation is a fact not peculiarly within the vendor's knowledge, but is one as to which the purchaser has equal and available means and opportunity for information, and there are no confidential relations existing between the two, and no fraud or artifice is used to prevent inquiry or investigation, it is a general rule that the purchaser must make use of his means of knowledge and that, failing to do so, he cannot recover on the ground that he was misled by the vendor." 20 Cyc, 50.

"But the rule of *caveat emptor* does not apply where the fact in question is difficult of ascertainment by the purchaser, and is, or may well be presumed to be peculiarly within the knowledge of the vendor." 20 Cyc, 57.

"In some cases, it has been broadly held that if the buyer makes no inquiry, the seller is under no obligation to disclose even secret or hidden defects known to himself and unknown to the buyer, but may remain silent and let the latter examine the property, or insist upon a warranty, and is not guilty of fraud, unless by words or acts he misleads the buyer. The better doctrine, however, and the one sustained by the weight of authority, makes a distinction between patent and latent defects, it being held that if the defect is patent, the rule of *caveat emptor* applies, and the seller cannot be held liable for failure to disclose the defect, although he knows of its existence, unless he does something to prevent investigation; but that if the defect is latent and known to him, his mere silence with knowledge that the buyer is acting upon the assumption that no defect exists, being sufficient to fix him with liability his intentional omission to disclose it constitutes actionable fraud, unless something is said or done to put the buyer on inquiry. And, where the defect is latent, the purchaser may recover, notwithstanding that he examined the article and failed to discover the defect. On the other hand, it is well settled that if the defect is not easily ascertainable by the purchaser, and the latter makes inquiry, the vendor is bound either to make no representation, or to disclose the whole truth in such a manner as not to mislead the purchaser; and that an intentional omission to disclose any material fact will render him liable." 20 Cyc, 64.

And, actionable fraud may consist as well of the concealment of what is true as the assertion of what is false. The principles stated are in accord with the authorities in this state. See Hughes v. Robertson, 1 T. B. M., 215, 15 Am. Dec., 104; Faris v. Lewis, 2 B. M., 375; Singleton's Adm'r. v. Kennedy, 9 B. M., 222; Elsey v. Lamkin, 156 Ky., 836.

But, fraudulent concealment implies knowledge and intention. Story on Equity Jurisprudence, Section 900. The fact concealed must have been known to the seller or the circumstances have been such as to charge him with the knowledge thereof. In each of the cases above cited, the material fact concealed by the seller was known to the seller at the time of the sale.

In Kirtley's Adm'x. v. Shinkle, 24 R., 608, 69 S. W., 723, it was held that where the seller of the shares of the capital stock of a bank had no connection with the bank

from which knowledge of its condition could be inferred, and had no actual knowledge thereof, he was not liable to the buyer of such shares in an action for deceit, because he failed to disclose to the buyer the insolvent condition of the bank.

Actual knowledge of the material fact concealed is unnecessary to be shown; it is sufficient if such facts be proven as to warrant an inference of such knowledge. Weikel v. Sterns, 142 Ky., 513, 134 S. W., 908, 34 L. R. A. (N. S.), 1035.

However, in the case at bar, it was not made to appear that the plaintiff, the seller, had actual knowledge of the alleged fact that the fertility of the soil of the acre and a half mentioned had been destroyed by the action of poisonous waters; nor were facts proven sufficient to warrant the inference of such knowledge upon the part of the seller.

A witness for defendant testified that Stewart planted corn therein, but he assigns no definite reason for the failure of the crop, except that he "supposed" it was due to the destruction of the fertility of the soil. The testimony of Stewart, the seller, shows that he owned the land but a short time and that this was the only time he ever tried to raise anything on this piece of land; that the water drowned this corn and that he had no knowledge of any defect in the soil; and we are unable to say that the failure of one crop is alone sufficient to warrant the inference that the planter thereby acquired knowledge of the fact that the fertility of the soil had been destroyed.

And, assuming it to be true, although the evidence does not satisfactorily establish it, that the piece of ground in question is sterile, the facts proven were not sufficient to warrant the inference of knowledge thereof upon the part of the seller.

In an action to establish fraud, courts require such legal evidence as will overcome the legal presumption of innocence and beget a belief of the truth of the charge of fraud. The proof offered by defendant does not measure up to this standard.

The judgment is therefore affirmed.