## Dittcher et ux. v. Binkley et ux.

(Decided Nov. 3, 1933.)

GEORGE J. HEROLD for appellants.

ARTHUR C. HALL for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On November 30, 1926, the appellants and defendants below, Adolph Dittcher and wife, sold and conveyed a house and lot to the appellees and plaintiffs below, Henry Binkley and wife, which was located in a natural forest suburb of the city of Bellevue, Campbell county, Ky., plaintiffs paying, and agreeing to pay, $6,900 therefor. Many years prior thereto the territory embracing the lot was platted by a land company and which was of record. The lot so purchased by plaintiffs was a part of lot 41 on the plat, and it abutted the eastern line of O'Fallon avenue as laid out on the plat, and extended east therefrom a distance of 400 feet, and the deed executed by defendants to plaintiffs so described it. At the time defendants built the dwelling thereon, which they later occupied as a residence, the territory was almost entirely woodland, and O'Fallon avenue had not been improved; but there were some old stakes, some of which had practically rotted down, indicating its boundaries (it being 60 feet wide), and also a stake in front of the involved lot located in the center of that avenue. When plaintiffs visited the property with the view of purchasing it, defendants pointed out to them that center stake, and represented to them that it was on the east boundary of the avenue and marked the west property line of the lot, and which, if it had been true, would have left about 27½ feet of the lot as a front yard.

After plaintiffs purchased the property, the city of Bellevue extended its corporate limits so as to annex the subdivision, including the involved property. The city then located O'Fallon avenue in front of the dwelling, and, instead of its eastern line being 27½ feet west from the front of the house, it extended eastward from the center stake referred to so as to take in about 2 1/10 feet of the southwestern corner of the house and within two inches of its northwestern corner. The house was built on an incline ascending eastward, and a garage was built under it. The construction and im-

provement of the avenue would necessitate an excavation of the hillside so as to leave a precipitous embankment of about 7 feet in front of the house, including the garage under it, which would destroy plaintiffs' right of ingress and egress to and from their house, as well as their garage.

After the city made its surveys, following the annexation, it put a sewer in the center of O'Fallon avenue, and indicated its purpose to improve it as a street, when plaintiffs filed this action in the Campbell circuit court against defendants to recover damages for misrepresenting the line between the eastern boundary of the avenue and the involved lot, which plaintiffs fixed in their petition at the sum of $2,500, for which amount they prayed judgment. The answer was a denial of the material averments of the petition, and upon trial the jury under the instructions given it by the court returned a verdict in favor of plaintiffs for the sum of $1,850. Their motion for a new trial was overruled, and they prosecute this appeal. Their counsel in his brief filed in this court argues as grounds for reversal (1) that the verdict is excessive; (2) that courses and distances are controlled by marked corners and fixed monuments; (3) error of the court in admitting incompetent evidence offered by plaintiffs; and (4) erroneous instructions.

■ Ground 1 is based on the statement of a witness introduced by plaintiffs who was a local real estate agent, and who was first asked his opinion as to the difference between the value of the house and lot if its front line was located as represented by defendants and its value according to the true property lines separating the avenue from the lot. His first answer was that the difference would be between $1,200 and $1,300, and it is upon that answer alone that it is strenuously argued, in support of this ground, that in no event should the verdict have exceeded $1,300. But in making that argument learned counsel overlooks the fact that the same witness in the course of his examination and after becoming more informed concerning the facts, placed the damages at $2,000, and which latter figure was also testified to by the husband plaintiff, and such testimony we do not find contradicted anywhere in the record. We therefore conclude that this ground is without merit.

■ It appeared from the testimony of some of the

witnesses that on the rear portion of the lot, or near its eastern line, there was located a limestone rock, which they concluded had been placed there to indicate its eastern line, and that, inasmuch as there were 400 feet from that stone to the actual eastern boundary of O'Fallon avenue, plaintiffs had no cause for complaint. The fallacy in that argument is: (a) That there is no evidence that the stone marked any boundary of the lot; and (b) that, if it were otherwise, then the gravamen of this action is not to recover for a shortage in the quantity of land conveyed, but for misrepresenting the property line between O'Fallon avenue and the western boundary of the lot, so as to deprive plaintiffs of the benefit of a front yard and to throw the avenue, when improved, immediately against their dwelling house at one front corner and overlapping and destroying the other one. In such circumstances, the quantity of land conveyed is not the issue to be determined. On the contrary, the question for decision is: Whether defendants misrepresented the true location of the line separating the lot from the avenue in front of it, which, if true, would have given plaintiffs a reasonably spacious front yard, and then whether plaintiffs relied upon such representation and were thereby induced to purchase the property when the misrepresented line was actually located at the point above indicated?

That a cause of action is given in such circumstances is thoroughly settled, and we do not interpret counsel's brief as contesting it. See the text in 39 Cyc. 2084, 2085; 20 R. C. L. 375, sec. 76, and the cases of Small v. Kennedy, 137 Ind. 299, 33 N. E. 674, 19 L. R. A. 337; Lawson v. Vernon, 38 Wash. 422, 80 P. 559, 107 Am. St. Rep. 880; Gunther v. Ullrich, 82 Wis. 222, 52 N. W. 88, 33 Am. St. Rep. 32; Annotations in 38 L. R. A. (N. S.) 302, and other foreign ones in the notes to the cited text. Domestic cases approving the rule are Logan's Adm'r v. Bryant, 44 S. W. 435, 19 Ky. Law Rep. 1774; East v. Matheny, 1 A. K. Marsh, 192, 10 Am. Dec. 721; Young v. Hopkins, 6 T. B. Mon. 18; Purdy v. Bastell's Adm'r, 15 S. W. 514, 12 Ky. Law Rep. 792; Elsey v. Lamkin, 156 Ky. 836, 162 S. W. 106; Fall v. McMurdy, 3 Metc. 364; Nisbet v. Lofton, 211 Ky. 487, 277 S. W. 828, and others cited in those opinions and also cited in the case of Louisville Soap

Co. v. Louisville Cotton Oil Company, 168 Ky. 340, 182 S. W. 181.

The same cases also lay down the rule that the measure of damages for such misrepresentation of boundary lines is the difference in the reasonable market value of the purchased land, if the lines had been as represented, and its value as circumscribed by its true boundary. With the law as so declared, it becomes apparent that ground 2 is likewise without merit, since the rule relied on by counsel as sustaining his argument has no application to the facts.

■ The incompetent evidence complained of under ground 3 consisted in testimony introduced by plaintiffs showing the cost that would be incurred in moving the house 15 or 20 feet eastwardly from the eastern boundary of the avenue, and restoring it when so moved in the condition it now exists. The argument is, that such expenditures form no part of the damages in such cases as measured by the correct rule, supra, and for which reason the testimony complained of was not only irrelevant, but that it was also misleading to the jury. Whether the contention be correct or not, in cases where no part of the conveyed property would be destroyed in correcting the misrepresentation, is a question we need not determine, since in this case the establishment by the city of Bellevue of O'Fallon avenue in front of the property according to the plat of the territory, and its improvement out to its eastern boundary would result in cutting off of the house about 2 feet 10 inches at its southwestern corner, and running to a point at its northwestern corner, which would entail, not only about as much cost, in the tearing away and reconstruction, as it would to move the house further back; but it would also render its front rooms without symmetry, as well as unshapely and unsightly. In such circumstances, we are convinced that the evidence objected to was relevant, for, without the taking of such action on the part of plaintiffs the house would become so deformed as to be virtually destroyed, entailing a greater amount of damages than the cost of moving it back from the street, whereby its structural arrangement might be preserved. Besides, the cost of such removal was not shown by the evidence complained of to exceed the difference in the market values of the property under the correct rule, supra, and, even

if it were incompetent, as counsel contends, it is not made to appear that it was prejudicial.

The only criticism of the instructions under ground 4 consists in a clear oversight in the phraseology of instruction No. 2 submitted to the jury, by incorporating the word "not" when it should have been omitted. The instruction is the one on the measure of damages, if the jury should find for the plaintiff, and it directed a finding for them such a sum as the jury might believe from the evidence "will fairly and reasonably compensate them for the difference, if any, in the reasonable market value of the house and lot in question on November 30, 1926, if the front property line did (not) extend to the place as represented by the defendants, and the true front property line as it existed, not to exceed however, the sum of $2,500.00, the amount claimed in the petition."

The word "not" appearing in the instruction, and which we have enclosed in parenthesis in the excerpt taken therefrom, should have been omitted, but its inclusion operated to the benefit of defendants and to the detriment of plaintiffs, if the jury had literally followed it; but clearly its members interpreted and applied it as authorizing the meaure of plaintiffs damages at a sum equal to the difference between the reasonable market value of the lot if its boundary had been as represented by defendants and its reasonable market value according to its correct boundary, and in such circumstances the error complained of cannot be regarded as prejudicial.

Upon the whole case we are convinced that the testimony overwhelmingly established the misrepresentation by defendants to plaintiffs upon which their action is based, and that the amount of the verdict was also fully justified under the evidence adduced at the trial.

Wherefore, perceiving no error prejudicial to the substantial rights of the defendants, the judgment is affirmed.