## SMILANICK *v.* DONOTO.

[No. 17,217.   Filed December 27, 1944.]

*Roberts & Roberts,* of Lowell, and *George E. Hershman,* of Crown Point, for appellant.

*E. Miles Norton,* of Crown Point, for appellee.

FLANAGAN, J.—This is an action brought by the appellee against the appellant by a complaint in one paragraph seeking to recover for work and labor alleged to have been performed by appellee at the special instance and request of appellant between July 19, 1939, and December 23, 1940.

Appellant filed an award and agreement of submission showing that the claim on which appellee based his complaint had been arbitrated under the arbitration statute. §§3-201 to 3-226, Burns' 1933, §§694 to 719, Baldwin's 1934. Appellee was ruled to show cause why judgment should not be entered on the award. Appellee answered the rule, a hearing was had and the court vacated the award. This action of the court has not been questioned.

Appellant then answered in three paragraphs. The first was a general answer which denied the indebtedness, the second was in the nature of a set-off for board and room allegedly due her from appellee, and the third an affirmative answer alleging that the controversy had been settled by a decision of arbitrators.

Appellant also filed a separate set-off alleging an indebtedness due from the appellee for board and room.

Appellee's motion to strike the third paragraph of answer was sustained. Appellee then replied to the set-off by general answer denying the alleged indebtedness and also filed a reply in three paragraphs to appellant's second paragraph of answer. The first paragraph was a general reply denying the indebtedness; the second paragraph was in the nature of a set-off seeking to

recover for services performed between January 6, 1931, and July 19, 1939; the third paragraph alleges that on February 6, 1941, the indebtedness alleged in the complaint became an account stated. No question of departure in the third paragraph of reply was raised in the trial court.

Trial to a jury resulted in a verdict for $2500 in favor of appellee, upon which verdict judgment was entered.

Errors relied upon for reversal are, (1) error in sustaining appellee's motion to strike appellant's third paragraph of answer from the files, and (2) error in overruling appellant's motion for a new trial. Specifications of the motion for a new trial are, (1) the verdict is not sustained by sufficient evidence and (2) is contrary to law, (3) error in amount of recovery, and (4) error in refusing to give certain instructions.

The arbitration agreement and award set up in the third paragraph of answer are exactly the same involved in the proceeding wherein the court had vacated the award. This answer which pleaded a valid and subsisting arbitration award binding on the parties was patently false and therefore properly stricken. §2-1054, Burns' 1933, §159, Baldwin's 1934.

Under specifications 1 and 2 of her motion for a new trial appellant contends that the evidence is insufficient because it shows a rendering of voluntary services by appellee to appellant while they were living in a family relationship; and under her specification number 4 she complains that the court refused to give to the jury instructions tendered by her on this theory.

The evidence shows that part of the time during which the involved services were rendered appellee

was furnished room and board by appellant. But there is no evidence of a family relationship or voluntary rendering of services. The evidence of both parties is that appellee worked for appellant under a contract of employment. Their whole dispute concerned its terms. Appellant said that he was to work for his keep. Appellee said he was to get in addition certain amounts in money for some of the work and undetermined amounts for other of the work. The verdict is sustained by the evidence and the instructions were properly refused.

There remains for our consideration appellant's contention that the amount of recovery is too large. The size of the verdict can only be justified by considering the evidence introduced under the second paragraph of plaintiff's reply. We agree with appellant that this cannot be done. A set-off or counter-claim pleaded by way of reply can only be utilized to defeat any affirmative matter set up by answer, and cannot be made the subject of a substantive claim upon which a judgment can be based. *Small et al.* v. *Kennedy* (1893), 137 Ind. 299, 33 N. E. 674. Appellee says that this paragraph is not a set-off but a special answer, and that any departure in it was waived by appellant when she failed to object in the trial court. With this contention we cannot agree. It has none of the elements of a special reply. It seeks neither to deny nor to avoid. It is clearly a counter-action.

Judgment reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 58 N. E. (2d) 362.