**Harold CHURCH et al., Appellants,**

v.

**Robert EASTHAM et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 29, 1960.

Claude Asbury, Catlettsburg, for appellants.

Calvin R. Gearhart, Catlettsburg, for appellees.

MONTGOMERY, Chief Justice.

Harold and Betty Church purchased a residence from Robert and Lou Towler Eastham. The Churches appeal from a judgment dismissing their complaint for damages in which they claimed the plumbing in the house was defective and improperly installed. They alleged that the Easthams fraudulently misrepresented the condition of the plumbing.

In June 1956, the Churches negotiated with the Easthams for the purchase of certain property on which was located a new residence. Appellees had had contractors build the house. As a result of the negotiations, appellants moved into the house. In August 1956, they entered into an agreement to purchase the property. In June 1957, while appellants were still occupying the house, they obtained a loan, paid the appellees the balance due under the agreement, and received a deed to the property. About six or seven months later, offensive odors were discovered in the house.

An inspection disclosed that the source of the odors was the improperly installed and defective plumbing in the house. The faulty plumbing was almost entirely hidden from view in the walls, under the floor, and under the ground. The bathtub, commode, wash basin, and kitchen sink were unvented, and the sewer pipe was installed improperly.

Harold Church testified that he had worked in construction work for seven years. He said that he had examined the house and that "it looked good, it was a new house, he couldn't find anything wrong at

the time." He gave no testimony concerning any representations made by appellees concerning the plumbing. Betty Church said that appellees told them "that the house was in good shape and talked about the inside copper plumbing" and "we talked about the good foundation and good plumbing." The testimony for appellees was that nothing was said about the plumbing. Robert Eastham stated that the plumbing was installed by a contractor and that he was unaware of any defect or improper installation.

The rule concerning the character of misrepresentations which constitute actionable fraud is stated in Livermore v. Middlesborough Town-Lands Company, 106 Ky. 140, 50 S.W. 6, 13, 20 Ky.Law Rep. 1704, to be:

"* * * it must appear that the misrepresentation was of a matter of material fact, as distinguished from opinion, at the time or previously existing, and not a mere promise for the future; must be relied upon by the person whose action is intended to be influenced; and must be made with knowledge of its falsity, or under circumstances which did not justify a belief in its truth."

See also Sohan v. Gibson, 118 Ky. 403, 80 S.W. 1173; Osborne v. Howard, 195 Ky. 533, 242 S.W. 852; and Baxter v. Davis, 252 Ky. 525, 67 S.W.2d 678.

The Chancellor found that no representation was made by the appellees with respect to the plumbing, and that they were ignorant of any defect in the plumbing and were acting in good faith in the negotiations and sale. The Chancellor's findings are correct.

Weikel v. Sterns, 142 Ky. 513, 134 S.W. 908, 34 L.R.A.,N.S., 1035, and Kaze v. Compton, Ky., 283 S.W.2d 204, cited by appellants, are not in point since the vendor in each case had knowledge of the defect.

Judgment affirmed.