CASE 8—ACTION ON GUARDIAN'S BOND—SEPT. 26.

# Mahan v. Steele.

APPEAL FROM WHITLEY CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

GUARDIAN AND WARD—APPOINTMENT AND REMOVAL OF GUARDIAN—LIABILITY OF SURETY—PARTIES TO ACTION.

Held: 1. No petition need be filed or summons issued to authorize the county court to appoint a guardian.

2. Under Kentucky Statutes. secs. 2024, 2026, either the fact that a guardian has moved out of the State or has failed to make a settlement of his accounts authorizes his removal by the county court.

3. The fact that the county court has failed to take proper steps to

coerce the filing of an inventory by a guardian does not release the sureties in the guardian's bond.

4. The fact that the proceeds of an infant's real estate sold in a proceeding under the Civil Code Practice, section 490, were paid to his guardian without first requiring the execution of the special bond prescribed by Id. section 493, does not release the surety in the general bond of the guardian from liability for such proceeds.

5. Under Civil Code Practice, section 21, a guardian may sue in his own name instead of in the name of his ward, by himself as guardian or next friend.

6. The objection to the petition in an action by a guardian, on the ground that the infants are not joined as parties, is waived by failing to make it before the filing of an answer.

CRAWFORD & MOORE, ATTORNEYS FOR APPELLANT.

1. The court erred in not carrying the demurrer back to the petition and sustaining it as to the petition.

2. The court erred in its finding of fact, as shown by the record, taking the petition and answer together on the final trial.

3. The court erred in the law of the case upon the facts shown by the pleadings.

4. The petition does not disclose any condition of a bond or obligation. Wile v. Sweeney 2 Duvall, 161; Young v. Duhme, 4 Met., 239; Martin v. McDonald, 14 B. Mon., 544; Humphrey v. Huse's Gdn., 79 Ky, 487; 1 Met., 237.

5. The petition does not set out the covenants of the bond, its conditions or the breach. Riggs v. Mattby 2 Met., 88; Campbell v. Galbreath 12 Bush, 459; Mann v. Martin 82 Ky., 242; Meguiar v. Henry, 84 Ky., 2; 1 Duvall, 59; 11 Bush. 693.

6. The allegation that John Smith executed bond with T. B. Mahan as surety, is a conclusion of the pleader. Murphy v. Estes 6 Bush, 532; Ormsby v. City of Louisville 79 Ky., 197; Escott v. White 10, Bush, 169; Moxley v. Moxley, 2 Met., 309; 8 B. Monroe, 377; Miles v. Miles 12 Bush, 134.

See also—Huffaker v. Nat. Bank of Monticello, 12 Bush, 287; Gebhard v. Garnier, 12 Bush, 321; 6 Bush, 532; 14 B. Mon., 83; Same, 252; 4 Met., 97; 2 Met., 88; 80 Ky., 368.

7. Manner of appointment of guardian. Daniel's Chancery Practice pages 1346 to 1355; Ency. of Pleading & Practice Vol. 9, page 901; Leavel v. Bettes 3 Bush, 74; Black on Constitution, 474.

8. The approval of a guardian's bond, is a judicial act in a special proceeding. Civil Code, Title 1, secs. 1-16, sec. 39, sec. 732, subsecs. 12 and 34.

9. In sale of infant's land, purchase money to remain a lien on the land until bond executed. Civil Code, sec. 490

10. Bond must have two sureties or it is void. Barnett v. Bull, 81 Ky., 127.

J. W. ALCORN, Attorney for. appellant.

POINTS AND AUTHORITIES.

The present guardian can not maintain an action on the bond of the former guardian. It must be in the name of the ward. Newman's Pleading pages 64-74; Anderson v. Watson, 3 Metcalf, 509; Wilson Guardian v. Unselt's Administrator 12 Bush, 223; Barnette·v. Commonwealth, 4 J. J. M., 389; Civil Code of Practice section 18.

The objection to his right to maintain such action can be reached by general demurrer. L. & N. R. R. Co., v. Brantley's Administrator 96, Ky., 300; Newman's Pleading page 74.

The surety of a guardian is not liable for money unless it properly came to the hands of the guardian or within his official capacity. Civil Code Sub-section 2, Sections 490-493 and 497; Am. & Eng. Ency. Vol. 24, p. 870.

The petition prayed for a settlement of the guardian's accounts. The guardian was not summoned in the action. It was error to render judgment against the surety in the bond for the principal sum with interest, without first having the guardian account, stated and settled. Am. & Eng. Ency. Vol. 24, p. 871.

PERKINS & BOYD, Attorneys for appellee.

1. A guardian may prosecute a suit in his own name as guardian, but in this case he has also made the words complainants. Civil Code, sec. 21. Waller &c. v. Smyser's Exrs., 4 Rep., 662; Newman on Code page 64; Taylor &c. v. Taylor's Exrs., 6 B. Mon., 559.

2. Failure to execute bond as required by sec. 493 Civil Code does not release the surety on the bond required by the county court from liability. Withers &c v. Hickman 6 B. Monroe, 292; 8 Bush, 456.

OPINION OF THE COURT BY JUDGE GUFFY—AFFIRMING.

This action was instituted by E. H. Steele, guardian, to Napoleon B. Foley and Ida Foley, against John Smith and T. B. Mahan. It appears from the averments of the petition that John Smith was by the Whitley county court in February, 1888, duly appointed guardian to the said

Foleys, and executed bond as required by law, with said Mahan as his surety, and entered upon the discharge of his duties as guardian, but that he failed to ever make any report to court as guardian. It further appears that after said appointment the said Smith collected as such guardian the sum of $627.94 prior to the 20th of November, 1888; that soon after he had received the same he left the State of Kentucky without making any settlement of his accounts, and never paid to his said wards, or to any one for them, any part of said sum of money; and that his accounts are still unsettled. It further appears that on the 14th of November, 1898, Napoleon B. Foley filed his affidavit before the judge of the Whitley county court showing that he was then 15 years of age, and that said Smith had for several years been a non-resident of the State of Kentucky, and had never made any settlement of his accounts. Thereupon the Whitley county court made an order removing said Smith as guardian aforesaid, and, upon motion of Napoleon B. Foley, the plaintiff was appointed guardian for the said Napoleon B. and Ida Foley, and executed bond as required by law, and was at the time of the institution of this suit the legal guardian, acting as such, and entitled to the possession of all the estate of said wards. (Copies of the bonds and orders referred to were filed with the petition as part thereof.) It is further alleged that said Smith had violated and broken the covenants of his said bond in failing to faithfully discharge the trust as such guardian, and that the defendant Mahan, as his surety, is liable to plaintiff and his said wards for the amount due them from said Smith, which, it is averred, amounts to $627.94, with interest compounded bi-annually from the 20th day of November, 1888. Wherefore plaintiff prayed a settlement of the accounts of Smith, and judgment against defendant

for whatever sums found to be due his said wards, which, he averred, was $1,136.56 on the 19th of November, 1898. It seems that Smith was not served with process, or, at any rate, failed to answer. The appellant, Mahan, however, filed his separate answer, in which he denied that Smith ever was appointed guardian for the said Foleys; that the pretended order of the Whitley county court so appointing Smith was made without warrant or authority of law; that no proceeding has been instituted by bill or petition filed showing the infancy of said Foleys, their true age, or that they had property, and the kind and character thereof, or showing the competency or incompetency of their mother, or showing the next of kin competent for the appointment; that said appointment was made without citation or other process or notice issued by the clerk or other officers of the Whitley county court, or notice of any service upon the mother or next of kin returnable to a regular or special term of said court, and said infants were not in court in any manner whatever, and said court did not have jurisdiction or authority to make said appointment and take said bond for want of proper proceedings, and said infants did not have any personal estate or property subject to the jurisdiction of said court, and said appointment was taken without due process of law. Therefore defendant says that all of said proceedings and the bond taken thereunder are void and of no effect. In the second paragraph of the answer, it is alleged that said Smith did not file any inventory of the real and personal estate of the said wards within 60 days of said appointment, and he pleaded and relied upon the failure of the officers and all others to compel Smith to file the inventory, as required by law, as a defense to this action. It is further alleged that no funds came to Smith's hands by virtue of said

order, or by reason of the execution of said bond, and that no funds or property of any kind or character existed that could have come to his hands or become vested in him by virtue of the said order; and at no time since the said execution of said bond have said infants had any estate to which the said guardian was entitled, or that he could have taken possession of by virtue of said order or by reason of the execution of said bond. In the third paragraph of the answer, it is alleged that the only estate that belonged to said infants at the time of said pretended appointment, or that has come into existence since, was their part, being an undivided one-tenth interest each had in the real estate owned by their father, James Foley, at the time of his death, September 7, 1886; and afterwards, to-wit, on the 16th day of May, 1887, a petition was filed in the Whitley Circuit Court, the county where said land was situated, by E. Foley and others against Lome Foley and said infants, for sale and partition of said land and its proceeds; and in said action it was alleged, proven, and adjudged by the court that said lands could not be divided in the ten shares without material injury to the whole and each of the parts, and that the shares of the said infants were not sufficient to support them, and that a sale was necessary, and that interest upon the money would be worth more to them than the rent of the lands. Thereupon the court adjudged a sale of the lands under the provision of section 490, Civ. Code Prac., which sale was reported to and confirmed by the court; but no decree of distribution was made of said estate, and, under the provision of section 497, Id., the share of said infants should not have been paid by the pur. chaser, but remained a lien on the land, bearing interest until they became of age, or until their guardian executed bond as required by section 493, Id., with two sureties and

Mahan v. Steele.

condition as required by law. It is further alleged that no bond was executed by any one in said action as guardian, and no bond approved by the court and recorded in the order book, and certified to the clerk of the Whitley County Court, and by him recorded and properly indorsed; and that the Whitley Circuit Court made no order directing the payment of the shares of said infants in the funds in said action and under the control of the said court to the said Smith or any one else, and the said court did not direct the investment thereof in any manner. Wherefore defendant says that the only estate belonging to said infants, and being the same money sued for in this action, remains within the control and under the direction of the Whitley Circuit Court, and the same could not, and legally did not, pass to said Smith, and the same remains and is a continuing and existing lien upon the land sold in said action, and said lien has never been divested, and said infants have not in any manner been prejudiced by the neglect and failure of Smith to execute bond, or by his failure to withdraw said funds in the legal and proper manner, and to invest same as the said court should and could have done upon his complying with the requirements of the law. The defendant further says that the failure of the defendant Smith was no breach of the bond sued on, and this defendant is not liable on any of the covenants therein contained. To the foregoing answer the plaintiff filed a general demurrer, upon the ground that the answer did not state facts sufficient to constitute a legal defense, which demurrer was sustained by the court, and, the appellant having declined to amend or plead further, the cause was submitted upon the pleadings. The court found as a fact that there was at the commencement of this action due from said Smith, former guardian of the said Foleys, the sum of

$1,126.56; that defendant Smith had violated and broken the covenants of his said bond, and that said Mahan, as his surety, was liable for said sum; to which finding of facts the appellant excepted. It was further adjudged by the court that the plaintiff, E. H. Steele, guardian to Napoleon B. Foley and Ida Foley, recover of the defendant T. B. Mahan the sum of $1,126.56, with interest from the 19th of November, 1898, until paid, and his costs; to all of which Mahan excepted, and prayed an appeal, which was granted.

The several county courts are given jurisdiction for the appointment and removal of guardians and for the settlement of their accounts, and we know of no law requiring any petition to be filed or summons issued in order to give the court jurisdiction to appoint; and it appears from the petition that the Whitley County Court did appoint Smith as guardian; and by section 2024, Kentucky Statutes, the county court is authorized to remove a guardian who moves out of the State, and section 2026 authorizes a court to remove a guardian for failing to make settlement of his accounts as required by law. We conclude that the appointment of Smith, and his removal and the appointment of appellee, by the Whitley County Court, are all valid, and that the court had jurisdiction to make the several appointments as well as the removal. The fact that these orders and appointments were made is not denied in the answer. Nor is there any denial in the answer that the said wards were residents, at the time of the appointment, of Whitley county.

We do not think that the contention of appellant to the effect that he is not liable because of the failure of the county court to require a report or inventory to be filed is tenable. It was the duty of the clerk to report the delinquency of Smith, and the duty of the county court to

take proper steps to coerce the filing of the proper inventory, as well as to make settlement of his accounts as required by law. But it was clearly the duty of Smith to file the inventory and make the settlements without any coercive measure; hence it follows that his failure to do so was a breach of his duty, and it would be strange, indeed, if such failure could have the legal effect of exonerating his surety from liability on the bond executed by them.

It is further insisted for appellant that the payment of the proceeds of the sale of certain lands which descended to the infants was illegal because no bond had been executed as required by law, and that a lien exists upon the land so sold for the payment of the sum due to the said wards, and hence they have not been damaged by the failure of Smith to account for the money so illegally received; and it is further insisted that the court had not directed the sum to be paid to Smith, or, in other words, had not adjudged that the sum sued for was due to the said wards. It is, however, not contended for appellant that the land was in fact not sold and the sale confirmed by the court, nor is it denied that the interest of said wards in the purchase money amounted to the sum sued for. It is true that the money ought not to have been paid to Smith until he had executed the bond required by law in the circuit court. But if he had executed such bond, and had failed to properly account for the money, the appellant would still have been liable as Smith's surety on the bond executed in the county court. We need not determine what his rights would have been as against the sureties in the circuit court bond if any had been executed, nor is it necessary to determine whether a lien still exists upon the land sold, nor what the right, if any, appellant has to be subrogated or

allowed the benefit of such lien if he should pay the judg-ment herein.

It is further earnestly insisted for appellant that the appellee could not maintain this action in his own name as guardian; that the action should have been in the name of the infants suing by their guardian. Section 21, Civil Code Practice, reads as follows: "A personal representative guardian, curator, committee of a person of unsound mind, trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, a re-ceiver appointed by a court, the assignee of a bankrupt, or a person expressly authorized by statute to do so, may bring an action without joining with him, the person for whose benefit it is prosecuted." It will be seen that a guar-dian may bring an action without joining with him the per-son for whose benefit it is prosecuted.

It is insisted, however, that that provision only author-izes a guardian to sue upon contracts made with him as such, but it would seem that the words, "a person with whom, or in whose name, a contract is made for the benefit of another," would have authorized such suits to be brought by the guardian, and that any reference to the guardian in the section under consideration was wholly unnecessary, if the true construction be as contended for by appellant. It seems to us that the appellee, Steele, undoubtedly had an interest in the matter in controversy, for the reason that it was his duty to look after the interest of his wards, and incidentally he had a pecuniary interest in the recovery and collection of the money, because he would be entitled to his commission; and, furthermore, he might be liable upon his bond for damages if he failed to use proper effort to protect the interest of his wards, or fail to collect money due them, or in which they had an interest. The petition

in this case discloses the names of the infants, and the judgment is in favor of Steele, guardian to Napoleon B. Foley and Ida Foley, and if the suit had been instituted in the name of the infants, suing by Steele as guardian or next friend, the judgment must have been substantially to the same effect, and the defense of appellant must necessarily have been the same; hence we are unable to see any error in respect to the manner or form of the action. Moreover, the objection for lack of proper parties should have been taken, if taken at all, before answer. It is true a demurrer to the answer involved the sufficiency of the petition so far as a statement of the cause of action is involved, but it is evident in this case that Steele was a proper party to this suit, and, as we have already intimated, the petition stated a good cause of action; hence it follows that, if there had been any defect of parties plaintiff, the defect was waived by failing to raise the question at the proper time. The authorities cited by appellant are not applicable to this case, and do not sustain his contention. We are of the opinion that the answer presented no defense. Judgment affirmed.