Cornelison v. Million.

CASE 64.—ACTION BY PAT CORNELISON AGAINST· E. C. MILLION FOR LOSS SUSTAINED BY REASON OF THE NEGLIGENCE OF THE DEFENDANT, AS COUNTY JUDGE, IN FAILING TO INQUIRE INTO THE SOLVENCY OF PLAINTIFF'S GUARDIAN.— October 2.

# Cornelison v. Million

Appeal from Madison Circuit Court.

J. M. Benton, Circuit Judge.

From a judgment of dismissal plaintiff appeals— Reversed.

Judges—Guardian and Ward—Settlements—Liability of County Judge.—Ky. St. 1903, section 1065, 1068, providing that a county judge shall every two years require fiduciaries to settle their accounts, and at least once in each year inquire into the solvency of the sureties of each fiduciary, etc., are mandatory; and a county judge, acting as such from December, 1899, until January, 1902, cannot excuse nonperformance of such duties on the ground that the last settlement made by a guardian was in 1899, for, when the record showed the appointment of a guardian ·and his settlement, showing that he had in his hands money due the ward, it became the duty of the county judge to perform the statutory duties.

GRANT E. LILLY, Atty. for appellant.

The fact that the law makes it the duty of the county judge to examine the accounts of fiduciaries shows that it was the intention of the law to make said official alert, and to hold him responsible for his negligence.

If there had been a docket kept by the county court of fiduciaries, and this case had been omitted therefrom by the preceding county judge, there would be some merit in appellees contention as to the presumption that an officer had performed

his duty. But as no docket was kept this was notice to appellee that he must employ the other avenues of information open to him.

It was an easy matter to turn to the guardian bond book in the county court clerk's office and obtain a list of the guardians. The appellee cannot be excused by reason of the failure of his predecessor to perform their duty.

W. S. MOBERLEY for appellee.

1. We submit that the court below properly held that appellee had a perfect right to rely upon the legal presumption that his predecessors in office had done their duty, and that the county clerk had done his duty.

2. Our position is that the appellant must sue and recover his money from the party whose negligence was the proximate cause of its loss. Limitation has not run against any of appellee's predecessors in office whose derelictions, as shown by the record, were the proximate cause of appellant's loss, while 'he appellee is absolutely blameless.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In 1887 J. W. Bales was appointed by the Madison county court as guardian of the appellant, and executed a bond, with Socrates Maupin as his surety. In February, 1889, Bales made a settlement of his accounts as guardian, which was put to record in the proper office  Again in January, 1902, he made a settlement, showing a balance of some $400 due his ward. Afterwards Cornelison brought suit against his guardian on the bond to recover the amount due him on the settlement, and obtained judgment, upon which execution issued and was returned 'No property found.' Thereupon Cornelison brought this action against Chenault, Burnam, Sullivan, Turpin, and appellee, Million, who were judges of the Madison county court at different times from 1887 to 1905. The action was dismissed or filed away, with leave,

as to all of the defendants except the appellee, Million. So that the only questions before us are whether or not the petition stated a cause of action as against appellee, Million, and whether or not his answer presented a defense.

It is in effect alleged that Million was elected county judge, and acted as such from December, 1899, until January, 1902; that he did not during that time make any inquiry into the solvency of Bales or his surety, and that if he had made reasonable inquiry as to their solvency he would have discovered that they were in failing circumstances and in debt in excess of the reasonable value of their property; and if he had required the guardian to make a settlement, or had inquired into the solvency of the surety, the condition of their affairs would have been disclosed, and the rights of the ward protected, and his estate saved from loss; but by reason of the negligence of Million in failing to inquire into the solvency of the guardian and his surety, and in failing to require the guardian to make a settlement, the whole of the amount due the ward has been lost. In his answer Million admitted that during the time he was judge he did not make any inquiry into the solvency of the guardian, Bales, or his surety, or require any settlement, and attempts to excuse himself from discharging this duty upon the ground that the only settlement Bales made as guardian previous to his assuming the office of county judge in 1899 was made in 1889; that he had no knowledge or information that Cornelison had a guardian, or that Bales had ever qualified as his guardian; that when he became county judge he examined the guardian settlement books in the clerk's office of his court, for the purpose of ascertaining what guardians had made settlements within the two

years preceding his induction into office; that, not find-
ing any settlement made by Bales, or any record in
the settlement book concerning his guardianship
within the two years, he had no notice that Bales was
then or had ever been a guardian. It is admitted in
the record that the last settlement, and, indeed, the
only one prior to the time Million became county
judge, made by Bales, was in 1889. If Judge Million
had examined the records of the county court as far
back as 1889, he would have discovered that Bales
made a settlement showing a balance of some $400 in
his hands.

The argument of counsel for appellee is that, as
the statute requires county judges to make settle-
ments with guardians every two years, which are re-
corded, each county judge may presume that his
predecessors have performed their duties under the
statute, and is not required to examine the records
further back than two years preceding his induction
into office for the purpose of ascertaining what guard-
ians are delinquent. We cannot agree in this con-
struction of the statutory duties of a county judge in
respect to guardians. Section 1065 provides that the
county judge "shall when called on by a fiduciary
settle his accounts, and shall once in each two years,
require all fiduciaries to settle their accounts, unless
there is an action pending in the circuit court for
such settlement." And section 1068 provides that "it
shall be the duty of the county judge at least once
in each year to carefully inquire into the solvency of
all the sureties upon the bond of each fiduciary; and
if upon such inquiry there is reasonable grounds to
believe that any bond is not amply sufficient to protect
from all loss to those interested, he shall at once give
notice to such fiduciary that a new bond or additional

surety on the old one is required, and upon the failure of the fiduciary to give said bond or surety within a reasonable time to be fixed by the court, he shall be removed.'' These statutes are mandatory. They impose unconditionally upon the county judge certain duties that he must perform. He cannot excuse a performance upon the ground that he presumed his predecessors in office did their duty. Each county judge must do his duty as pointed out in the statute, without reference to what his predecessor did, or whether he was punctual or careless in discharging the duties of his office. Judge Million was county judge of Madison county for two years. It was his peremptory duty to at least once in each of those years carefully inquire into the solvency of the sureties upon the bond of Bales and all other fiduciaries who had executed bond in the county court, and to require settlements to be made in accordance with the statute. If by his failure to perform this duty the ward's estate, or any part of it, was lost, the ward may recover upon the bond of the county judge the amount of the loss so sustained. It is not material when Bales was appointed, or whether he made any settlement within the two years preceding the induction into office of Judge Million. The record showed that he was appointed guardian, and in the settlement of 1889 that he had in his hand money due his ward. These two facts made it the duty of Judge Million to comply with the statute.

As suggested by counsel, these statutes impose upon the county judge duties that may, unless great care and diligence is exercised, involve them in serious loss. But the law is so written, and it has been so construed, and we are not disposed at this day to impair the useful purpose of the statute by getting

away from the opinions that seem to us do no more than give them the effect intended by their enactment. The law applicable to cases of this character is so fully and clearly settled in Cosby v. Commonwealth, 91 Ky. 235, 12 Ky. Law Rep. 808, 15 S. W. 514, and Commonwealth v. Lee, 120 Ky. 433, 86 S. W. 990, 89 S. W. 731, 27 Ky. Law Rep. 806, that it is unnecessary to further elaborate it in this opinion. As the case went off on the pleadings, we express no opinion whatever as to the liability of Million. Whether he is liable or not will depend upon the facts developed when the case is prepared for trial.

The judgment of the lower court is reversed with directions to proceed in conformity with this opinion.