CASE 54.—ACTION BY J. L. CORNELISON'S ADMINISTRA-
TOR AGAINST E. C. MILLION.—May 24, 1910.

## Cornelison's Admr v. Million.

Appeal from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment for defendant and plaintiff appeals.—
Affirmed.

1. Guardian and Ward—Death of Ward—New Bonds—Statutes—
   County Judge—Powers and Duties.—Ky. St. section 1068, re-
   quires the county judge at least once a year to inquire into
   the solvency of all sureties on the bonds of each fiduciary
   and, if there is reason to believe that any bond is not amply
   sufficient to protect from all loss those interested, shall at
   once give notice to such fiduciary that a new bond or addi-
   tional surety is required, and, in case of failure to comply,
   the fiduciary shall be removed. Held that, where a ward
   died prior to defendant's election as county judge, defend-
   ant had no power to require his guardian to execute a new
   bond, or remove him for failure to do so.
2. Guardian and Ward—Bonds—Additional Security.—The fact
   that a guardian, after the death of the ward holds the funds
   until they are surrendered to the persons entitled thereto,
   does not give to the county judge the power to exact a new
   bond.

GRANT E. LILLY for appellant.

W. S. MOBBERLY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirm-
ing.

In 1885 the will of Eli C. Cornelison was probated.
In this will he provided among other things, that "all
the cash, notes and any debts that may be owing,

after my debts have been discharged, shall be Eli and Ernest Cornelisons, and if there be any other heirs, full brother or sister to them, they shall share equally. This money shall be loaned, and the interest shall be used for the benefit of the children to clothe and educate them, and as they become of age each shall draw his part of the principal.'' Cornelison v. Million, 124 S. W. 366. After this will was written, but before the death of the testator, a brother of Eli and Ernest was born. The property was reduced to cash, and one J. W. Bales appointed guardian of the three children, who were the only devisees under the will. Ernest Cornelison died in February, 1893, being then about 10 years old. He left surviving him his mother, father, and his two infant brothers, Eli and Pal. Had Ernest lived until he reached his majority, he would have been 21 on the 4th of November, 1904. In January, 1910, the appellant, Cornelison, was appointed administrator of Ernest, and brought this suit against Bales, the guardian, and Million, the county judge of Madison county, to recover the one-third interest of Ernest in the fund devised to him by his grandfather. The petition charges that in February, 1889, the guardian made a settlement of his accounts, in April, 1902, another settlement, and in February, 1903, a third settlement. In this last settlement, the amount in the hands of the guardian was $1,013 and it is averred that the administrator of Ernest Cornelison was entitled to one-third of this sum, or $337.66 2-3. It is further charged that the guardian, Bales, became insolvent between December, 1899, and January, 1902, and that his surety in his bond as guardian was insolvent at all times after December 1, 1899. It is further averred that the appellee, Million, was duly elected judge of the Madi-

son county court in November, 1899, and acted as
judge from December, 1899,to January, 1902,and dur-
ing this time failed and neglected to make inquiry as
required by law into the solvency of Bales and his
surety, and by reason of his failure to make this in
quiry in the manner required by law the estate of the
ward in the hands of Bales was lost, and a judgment
was asked against Bales and Million for the amount
alleged to be due the administrator.  To the petition
a demurrer interposed by Million was sustained, and
the question before us is the correctness of this ruling
of the court.

Section 2018 of the Kentucky Statutes, under which
it is sought to hold Million liable, has been construed
by this court in a number of cases,  among  them
Cornelison v. Million, 129 Ky. 573, 112 S. W. 654.
But the question presented by this record does not
in our judgment fall within the meaning of the stat-
ute. The ward of Bales died several years before Mil-
lion became county judge,and so it follows that Mil-
lion as county judge could not be chargedwith the du-
ty of inquiring into the solvency ofBales so far as any
money in his hands as guardian of Ernest Cornelison
is concerned, for the simple reason that Bales at the
time Million was county judge was not the guardian
of Ernest Cornelison.  If Million as county judge had
required Bales, who was then guardian of Pal. and
Eli Cornelison, to execute a new bond as guardian, it
is manifest that he could not have required him to
execute a bond as guardian of Ernest Cornelison, or
have removed him for failing to execute such bond;
and, as the county judge could do neither of these
things, it is plain that he cannot be held liable for his
failure to inquire into the sureties upon the bond of
Bales as guardian of  Ernest  Cornelison.  Section
1068 of the Kentucky Statutes makes it the duty of

the county judge "to at least once in each year care-
fully inquire into the solvency of all the sureties upon
the bond of each fiduciary, and if upon such inquiry
there is reason to believe that any bond is not amply
sufficient to protect from all loss those interested, he
shall at once give notice to such fiduciary that a new
bond or additional surety on the old one is required,
and upon the failure of such fiduciary to give said
bond or surety within a reasonable time fixed by the
court he shall be removed." Now, let us suppose that
while Million was county judge he had issued a rule
against Bales, as guardian of Ernest Cornelison, to
show cause why he should not execute a new bond,
and that Bales in answer to this rule had come into
court and said: "I am not the guardian of Ernest.
He died six years ago." Would not this response
have put an end to the matter? How could Bales be
required to execute a bond for a ward who was dead?
How could he have been removed for failing to exe-
cute the bond when his guardianship terminated upon
the death of his ward? In answer to this, the argu-
ment is made that Bales had in his hands the funds
of Ernest that came to him as guardian, and there-
fore, although his guardianship was at an end, it was
nevertheless the duty of the county judge to see to
the preservation of this fund, and to this end to re-
quire Bales to execute a sufficient bond. But this the
county judge, as we have endeavored to point out,
could not do, and his liability is measured by his
failure to do something that he had the power to do.
He cannot be held responsible for the failure to do
something that the statute did not give him authority
to do. The county judge can only demand bond and
good surety from fiduciaries who are at the time act-
ing in such fiducial capacity. He is only negligent
when he fails to inquire into the solvency of sureties

in a bond that he may require the fiduciary to execute. If he cannot compel the fiduciary to execute a sufficient bond or remove him, then he is not negligent in failing to make inquiry into the solvency of the sureties in a bond theretofore executed by such fiduciary. The fact that the guardian, after the death of the ward, holds the funds until they are surrendered to the person entitled to them, does not give the county judge the right to demand a new bond. The duty of the county judge to protect in this manner the estate of the ward ends when the ward dies. Other persons then come into the right to the possession of the fund, and they must take such action as seems necessary to protect their interest. The county judge under the statute does not owe them any duty to inquire into the solvency of the sureties of the bond. His duty has been discharged in seeing to it that the fiduciary had a sufficient bond up to the time his fiducial relations terminated. It must be kept in mind that we are not dealing with the liability of the guardian on his bond or with the liability of the sureties in the bond, but only of the liability of the county judge in reference thereto. How long the guardian would be liable on his bond, or how long the sureties would be liable after the death of the ward, are questions not before us on this appeal.

Wherefore the judgment of the lower court is affirmed.