## Rider's Executrix et al. v. Sherrard's Guardian et al.

(Decided October 18, 1929.)

JAMES & JAMES for appellants.

J. E. WISE for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

D. W. Rider was the presiding judge of the Hardiu county court during the period beginning January 1, 1910, and ending December 31, 1921. Robert Rider, now

deceased, and appellants B. F. Rider and G. M. Rider were sureties on his bond. Appellants Atla Rider and Lamar Rider are respectively the widow and only heirs at law of Robert Rider. D. W. Rider died during the year 1925, and the appellant Carter Rider, his widow, is his executrix.

On May 18, 1915, W. E. Crutcher qualified as guardian of James Cecil Sherrard, an infant, and executed bond in the penal sum of $1,000, with R. E. Carter as surety thereon. On June 12, 1915, there came to the hands of the guardian $750, and on January 15, 1916, $581.64. No settlement was made by the guardian until December 31, 1920, when he made a settlement which showed a balance of $1,352.03 in his hands belonging to his ward. No settlement was thereafter required of him or made.

On September 7, 1926, suit was instituted against W. E. Crutcher and R. E. Carter, surety on his bond, and a judgment recovered against W. E. Crutcher for the sum of $1,352.03, with interest at the rate of 5 per cent., compounded biennially from December 31, 1920. Crutcher was insolvent, and no part of the judgment could be collected from him. However, a judgment for $1,000, the penal sum named in the bond, was obtained against the surety, R. E. Carter, on October 27, 1927, which was paid. W. E. Crutcher died insolvent during the year 1927.

On July 24, 1928, this suit was brought by the Union National Bank, then guardian of James Cecil Sherrard. In its petition, after alleging the facts above set out, it was alleged that by reason of D. W. Rider's negligent failure to require sufficient bond of W. E. Crutcher as guardian of the infant, James Cecil Sherrard, the sum of $1,352.03, with interest thereon at the rate of 5 per cent. compounded biennially from the 31st day of December, 1920, had been wholly lost to its ward, except a credit of $1,000 recovered on the 27th day of October, 1927, and judgment was prayed accordingly.

The case was submitted to the court on an agreed stipulation of facts, and the court rendered a judgment for the plaintiff for the sum of $933.75, with interest at the rate of 6 per cent. from the date of the judgment. The amount of the judgment was arrived at by charging the defendants with the sum of $1,352.03, with interest thereon at the rate of 5 per cent. compounded biennially from the 31st day of December, 1920, and allowing a credit of $1,000 as of October 27, 1927.

Section 2035, Kentucky Statutes, provides that a guardian who fails to invest funds of his ward shall be charged with interest upon interest in biennial rests, and section 2035a-1 provides that, where the amount received and held in trust does not exceed $5,000, the rate of interest with which the guardian shall be charged shall be 5 per cent. The sections of the statutes which fix the duties of the county judge relative to requiring bonds of guardians, and fixing his liability for his failure to require sufficient bond, are as follows:

Section 2017: "No guardian except a testamentary one for nurture and education, can act until he has been appointed by the proper county court, and given covenant to the commonwealth, with good surety, approved by the court, faithfully to discharge the trust of guardian. The bond shall be carefully kept by the county court clerk in a book to be provided for that purpose."

Section 2018: "If the court fails to take such covenant, or accept such person or persons as surety as do not satisfy it of their sufficiency, the judge so in default and his sureties shall be jointly and severally liable to the ward for any damage he may sustain thereby."

Section 1068: "It shall be the duty of the county judge to at least once in each year carefully inquire into the solvency of all the sureties upon the bond of each fiduciary, and if, upon such inquiry, there is reason to believe that any bond is not amply sufficient to protect from all loss to those interested, he shall at once give notice to such fiduciary that a new bond, or additional surety on the old one, is required, and upon the failure of such fiduciary to give said bond or surety within a reasonable time, to be fixed by the court, he shall be removed."

Section 186d1: "That the bond required by law to be executed and given by any state, county, city, or other public official, and the bond required by law of any depository of state, county, city, or other public funds, and the bond of any executor, administrator, guardian, committee, assignee, or other fiduciary, and any other bond required by law for the discharge or performance of any public or fiducial office, trust, or employment, shall be a covenant to the commonwealth of Kentucky, from the principal and surety, or sureties, that the principal will faithfully discharge the duties of the office, trust, or employment, and such bonds shall be limited in a definite penal sum, which shall be determined and fixed

by the officer or officers whose duty it is to approve the bond, and the recovery against the surety under any such bond shall be limited to the amount of the penalty named therein: Provided, that the bond of any executor, administrator, guardian, committee, assignee, or other fiduciary, shall be fixed in a penal sum of not less than the estimated value of the estate; and provided, further, that the officer or officers taking any bond mentioned in this act, may at any time when it may appear to be to the interest of the obligee or obligees, increase the penal sum of such bond or require a renewal thereof with other or additional sureties.''

Under the foregoing sections of the statutes it is the duty of the county judge to require guardians to execute bonds in penal sums equal to the estimated value of the estates or funds which go into the hands of the guardians, with good and sufficient surety for the faithful performance of their duty, and to carefully inquire into the sufficiency of such bonds at least once each year, and if a bond is not amply sufficient to protect from all loss those interested, the county judge shall at once give notice to the guardian that a new bond or additional surety on the old one is required. In addition, section 1065 of the Statutes provides that the county judge shall once in each two years require all fiduciaries to settle their accounts. Commonwealth v. Netherland's Adm'r, 87 Ky. 195, 8 S. W. 272, 10 Ky. Law Rep. 123; Cosby v. Commonwealth, 91 Ky. 235, 15 S. W. 514, 12 Ky. Law Rep. 808; Cornelison v. Million, 129 Ky. 573, 112 S. W. 654, 33 Ky. Law Rep. 1086; Cornelison's Adm'r v. Million, 138 Ky. 416, 128 S. W. 316.

It appears from the agreed stipulation of facts that the surety on the guardian's bond was solvent, but that the penal sum named in the bond was less than the value of the estate which came into the hands of the guardian. The penal sum named in the bond was $1,000, and when the guardian made a settlement on December 31, 1920, he had in his hands belonging to his ward, $1,352.03. This was notice to the county judge that the bond was insufficient, and it was his duty to require at once a new bond, to protect the ward from loss.

The statutes quoted above are mandatory, and among the duties imposed on a county judge is the duty ''at least once in every year to carefully inquire into the solvency of all sureties upon the bond of each fiduciary,'' and also the duty once in each two years to require all fiduciaries to settle their accounts.

When a settlement by a guardian discloses that he has in his hands funds belonging to his ward in excess of the penal sum fixed in the bond, it becomes the duty of the county judge to require a new bond in order to protect the interest of the ward, just as it is his duty to require additional surety, if an inquiry discloses that the sureties on the bond are insolvent, or have not sufficient estate to protect the ward from loss. The primary purpose of this statute is to protect infants and others whose funds are in the hands of fiduciaries from any pecuniary loss. To protect the ward from all loss in this case, the county judge should have required the guardian to execute a new bond when the settlement filed on December 31, 1920, disclosed that the old bond was insufficient, and the bond should have been fixed in a penal sum of not less than the amount of the funds in the guardian's hands, plus the interest thereon at the rate of 5 per cent. that would accrue during the succeeding biennial period.

The lower court allowed interest on the principal compounded biennially from December 31, 1920, to March 30, 1929, the date of the judgment. This was error. D. W. Rider was not in office on December 31, 1922, when the two-year period expired, and he is not responsible for the failure of his successor to require the guardian to make a settlement at the end of the two-year period. The statute does not limit the amount of the bond to the value of the estate actually in the hands of the guardian when the bond is executed, but it contemplates that a bond sufficient to protect the ward from loss will be required, and to meet this requirement the bond necessarily must include the interest that will accrue, and any other funds that may be reasonably expected to come into the hands of the guardian before another settlement is required.

The statute (section 1065) provides that the county judge once in each two years shall require all fiduciaries to settle their accounts, and he may assume that his successor will comply with this mandatory provision. The judgment should have been for $1,352.03, with interest thereon at the rate of 5 per cent. for two years, and credited with $1,000 collected from the guardian's surety.

Wherefore the judgment is reversed, with directions to proceed in accordance herewith.