# American Surety Company of New York v. Skaggs' Guardian et al.

(Decided Feb. 10, 1933.)

(As Extended on Denial of Rehearing March **17, 1933.**)

688

FAUREST & FAUREST and L. B. HANDLEY for appellant.

JAMES & JAMES and WILL M. GRAHAM for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Blain Skaggs, as guardian of Glenn Albert Skaggs, began this action against R. W. Creal (former county judge of Larue county) and the American Surety Company, of New York, the surety on his official bond, to recover money alleged to have been lost by failure of the county judge to require biennial settlements of and to require proper bond of R. R. Hargan, the former guardian of Glenn Albert Skaggs. The present guardian was given judgment for $614.53; the county judge and his surety have appealed, and the present guardian has prosecuted a cross-appeal.

R. W. Creal served as county judge of Larue county from January 7, 1918, until January 2, 1926, two terms, and the American Surety Company was upon his official bonds during both terms.

R. R. Hargan was on March 1, 1918, by Judge R. W. Creal appointed public administrator and guardian for Larue county, and required to execute bond in the penal sum of $2,500, upon which bond the Maryland Casualty Company became his surety. We shall refer to this as "Hargan's general bond."

On December 4, 1919, the estate of Glenn Albert Skaggs, then eight years of age, was committed to the hands of R. R. Hargan as such public administrator and guardian. The only funds belonging to Glenn Albert

Skaggs that came into the hands of R. R. Hargan were derived from a judicial sale of certain real estate in which Glenn Albert Skaggs had an interest and before the Larue circuit court would order this money paid to R. R. Hargan, it required him to execute a bond in that court with two sureties as provided by section 493 of the Civil Code of Practice. This Hargan did, and L. B. Handley and Charles Williams became sureties thereon. We shall refer to this as "Hargan's special bond."

Thereafter R. R. Hargan received for Glenn Albert Skaggs under orders of the Larue circuit court $598.72, on January 27, 1920, and $32.45 upon February 7, 1920. Hargan continued to act as such public administrator and guardian until March 24, 1930, when he was removed from office; and then it was found that this and other estates in Hargan's hands amounted to over $8,000. Hargan may not have made settlement of any of these estates; at least, he had made no settlement of this one.

On May 4, 1930, Blain Skaggs was appointed guardian of Glenn Albert Skaggs, and he is now so acting. He very promptly instituted suit in the Larue circuit court against R. R. Hargan, the Maryland Casualty Company, the surety on Hargan's general bond, and against the sureties on Hargan's special bond. Judgment was obtained against all of them except the Maryland Casualty Company, upon which execution issued and was returned. "No Property Found." The Maryland Casualty Company paid into court the $2,500 for which it was liable, and it was dismissed. This $2,500 was distributed among the various estates in the hands of Hargan and the pro rata share going to young Skaggs was $308.79.

Thereupon Blain Skaggs, the present guardian, began this action with the results stated at the outset of this opinion.

When pursuant to section 3905, Ky. Stats., the estate of Glenn Albert Skaggs was committed to the hands of R. R. Hargan, as public administrator and guardian the same responsibility then fell upon him and his bond as if he as an individual had then under section 2017, Ky. Stats., had been appointed guardian of such ward and had executed bond as such,

except that the liability of the surety upon the bond of Hargan as public administrator and guardian extends pro rata to all estates in his hands. The liability of the county judge and his surety under section 2018, Ky. Stats., extends to and applies as fully in one case as in the other. Olsen's Adm'r v. Rich. 79 Ky. 244.

The duties of a county judge under section 1062, 1063, 1064, 1065, 1068, and 2017, Ky. Stats., are mandatory, and he and his surety are liable for any loss that may result to the infant as a result of his negligence or failure to comply with these statutory provisions. Section 2018, Ky. Stats.; Cornelison v. Million, 120 Ky. 573, 112 S. W. 654; Cornelison's Adm'r v. Million, 138 Ky. 416, 128 S. W. 316; Rider's Ex'x v. Sherrard's Guardian, 231 Ky. 112, 21 S. W. (2d) 147.

### The Special Bond

In the answer of the American Surety Company, which was adopted by the county judge, it is alleged that during all of both terms of R. W. Creal, as county judge, L. B. Handley and Charles Williams, the sureties upon the special bond executed by Hargan in the Larue circuit court were solvent, and because of that fact alleged and sought to be proven they contended they were to be excused. A demurrer was sustained to this, and it is of that action that they first complain. This demurrer was properly sustained. The special bond required by section 493 of the Civil Code of Practice is not given in lieu of the county court bond, but is additional thereto. Withers v. Hickman, 45 Ky. (6 B. Mon.) 292; Taylor v. Taylor's Ex'rs, 45 Ky. (6 B. Mon.) 559; Elbert v Jacoby, 71 Ky. (8 Bush) 542; Barker v. Boyd, 71 S. W. 526, 24 Ky Law Rep. 1389; Mahan v. Steele, 109 Ky. 31, 58 S. W. 446, 22 Ky Law Rep. 546; Johnson v. Johnson's Heirs, 31 Ky. (1 Dana) 364; Clements v. Ramsey, 4 S. W. 311, 9 Ky. Law Rep. 172; 28 C. J. p. 1290, sec. 488; and page 1293, sec. 494.

The county judge has no control over the action of the circuit court, and the liability of a guardian on his general bond and the liability of the county judge and his surety for any loss resulting from his negligence would be just the same if the circuit court had ordered this money paid to Hargan without requiring any bond, or had allowed the bond to be executed in the circuit court by two utterly insolvent sureties. In Mahan v.

Steele, 109 Ky. 31, 58 S. W. 446, 22 Ky. Law Rep. 546, it was held:

> "The fact that the proceeds of an infant's real estate sold in proceeding under Civ. Code Prac. sec. 490, were paid to his guardian without first requiring the execution of the special bond prescribed by Id. sec. 493, does not release the surety in the general bond of the guardian from liability for such proceeds."

The statute imposes on the county judge the duty of protecting the estates of infants by bonds in his court over which he has control and he cannot excuse his failure to perform his statutory duties by reason of a bond in the circuit court over which he had no control any more than he could excuse his dereliction by the fact that the guardian may have been solvent or that there may have been some private agreement on the part of some individual to protect the ward against loss.

### Amount Due Ward

These parties are in sharp disagreement as to the amount for which the judgment should have been awarded. Hargan received this money in January and February, 1920, and it was his duty to bestir himself to make this money yield an income. He needs must have some reasonable time in which to do so. Karr's Adm'r v. Karr, 36 Ky. (6 Dana) 3; Keubler v. Taylor, 15 Ky. Law Rep. 334; Com. v. Lee, 120 Ky. 433, 86 S. W. 990, 89 S. W. 731, 27 Ky. Law Rep. 806, 28 Ky. Law Rep. 596.

As we have no evidence that Hargan used this money himself or could have found a safe income yielding investment thereof, then, under section 2035, Ky. Stats., he was not chargeable with interest thereon until the end of a year from the time of his appointment. That is from December 4, 1920. These parties are in such hopeless conflict regarding the amount due that the best and simplest way out is to give here a statement of what this account should have been:

Amount received by Gd'n during 1920 ........$631.17
Int at 5% from Dec. 4th 1920 to Dec. 4th 1922 ..   63.12
_____
Amount due Ward Dec. 4th 1922 ..............$694.29

Int. at 5% from Dec. 4th 1922 to Dec. 4th 1924 ...., 69 43

Amount due Ward Dec. 4th 1924 .............. 763.72
Int. at 5% from Dec. 4th 1924 to Dec. 4th 1926 .. 76.37

Amount due Ward Dec. 4th 1926 .............$840.69

Judge Creal's term of office expired on January 2, 1926, and, when the time came that the next biennial settlement should have been made, December 4, 1926, someone else was county judge, and it was thereafter the negligence of the latter in not requiring settlement of Hargan and additional surety, hence the liability of Judge Creal and his surety then became fixed at $840.09, and for any losses thereafter Judge Creal was not responsible. See Rider's Ex'x v. Sherrard's Guardian, 231 Ky. 112, 21 S. W. (2d) 147, but the sum due the ward continued to draw interest, so the account continues:

Amount due Ward Dec. 4th 1926 .............$ 840.09
Int. at 5% from Dec. 4, 1926 to Dec. 4th 1928 .. 84.01

Amount due Ward Dec. 4th 1928 .............$ 924.10
Int. at 5% from Dec. 4th 1928 to Dec. 4th 1930 92.41

Amount due Ward Dec. 4th 1930 ............ 1,016.51
Int. at 5% from Dec. 4th 1930 to Dec. 26, 1930 3.11

Amount due Ward Dec. 26th 1930 ............$1,019.62

On December 26, 1930, there was received from the Maryland Casualty Company, as surety on Hargan's general bond, $308.79, and on that day there was due to this ward, Glenn Albert Skaggs, $1,019.62, divided thus:

Principal lost by Judge Creal's neglect ......$ 631.17
Interest lost by Judge Creal's neglect ......... 208.92
Interest lost by neglect of his successor ...... 179.53

Total loss ..............................$1,019.62

The question is, how shall the $308.79 that was paid that day be credited or applied? The provision of subsection 3 of section 2219, Ky. Stats., is:

> *"Partial payment on a debt bearing interest shall be first applied to the extinguishment of the interest then due."*

This $308.79 payment is not enough to pay all the interest; hence it should be applied to the interest longest due. See Stidham et al. v. O'Neal's Adm'r, 245 Ky. 667, 54 S. W. (2d) 54. It should therefore be applied this way:

Upon the interest lost by Judge Creal's neglect .$208.92
Upon the interest lost by neglect of his successor ................................. 99.87

Total credit ............................$308.79
Crediting it in that way leaves this account like this:
Balance due from Judge Creal and his surety .$631.17
Balance due from his successor .............. 79.66

Total ................................$710.83

We would direct that the judgment against Judge Creal and his surety should be for $631.17, but for one thing, and that is this: Judge Creal shows he had surety on Hargan's bond for $2,500, and it seems he had only ordered into Hargan's hands estates aggregating $3,254.11, and that, when Hargan was finally removed, the estates in his hands amounted to over $8,000, as a result of which this $2,500 bond only paid about 30 cents on the dollar, whereas it looks like this $2,500 bond would have been sufficient to have paid about 75 cents on the dollar, on the estate Judge Creal committed to Hargan. Certainly Judge Creal negligently overloaded Hargan's bond, but how much we know not, for he may have committed other estates to Hargan's hands for which Hargan fully accounted between January 2, 1926, when Judge Creal went out of office and March 24, 1930, when Hargan was removed from office.

Due to the negligence of some one, this ward has lost his money, and the one or ones guilty of this negligence must answer for it. The negligence consists in committing to the hands of Hargan estates in excess of his bond, not requiring settlements of Hargan, etc., and we have not here sufficient data from which to determine the extent of the liability of Judge Creal and his surety; hence we must reverse this judgment and send this case back for further preparation.

Judge Creal and his surety are losing upon the main issue upon which they relied on this appeal (that

694

is; upon the alleged solvency of the sureties upon Hargan's special bond), and our inability to now fully determine the extent of their liability is due to their failure to fully develop their defense; therefore they shall pay all of the costs of this appeal.

Therefore, upon the return of this case, such proceedings should be had as will fix the extent of Judge Creal's responsibility for the negligence that occasioned this loss, and judgment entered accordingly.

The judgment is reversed, on both the original and cross appeal.