## United States Fidelity & Guaranty Company et al. v. Drinkard et al.

(Decided Oct. 17, 1933.)

CHARLES FERGUSON for appellants.

C. H. WILSON and J. R. WELLS for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

On May 3, 1921, H. N. Lewis qualified as guardian of his sister, now Mrs. Francis Lewis Drinkard. He executed bond in the sum of $10,500 with his mother, Mrs. Fannie Lewis, as surety. After becoming of age Mrs. Drinkard filed six separate suits against the sureties on the several bonds of former county judges of Livingston county to recover the loss which she sustained in her estate, upon the ground that the respective officers were negligent in failing to require proper accounting and sufficient surety on the bond of her guardian. Rider's Ex'x v. Sherrard's Guardian, 231 Ky. 112, 21 S. W. (2d) 147. The appellant United

States Fidelity & Guaranty Company was surety on the bond of T. M. Watson during the term of his office beginning January 4, 1926, during which time it appears that the loss was sustained or was developed. The other appellant, Fidelity & Deposit Company of Maryland, was surety upon the bonds of three of his predecessors. The first-named appellant was also surety of two judges, who were absolved of liability by the trial court. The suits were consolidated, and, after trial, judgment was rendered against both companies jointly for $4,367.08. The case against the surety on the bond of Judge Green, who had taken the guardian's bond originally, was dismissed, as the court was of the opinion that the surety was ample at that time. That against his immediate successor, who was in office only six weeks, was also dismissed.

It is insisted, upon the one hand, that the evidence shows each of the judges was negligent in failing to use proper diligence in respect to requiring timely settlements of the guardian and to know that the surety on his bond had become insolvent, insane, and a nonresident of Kentucky. Sections 186d-1, 1065, 1068, 2018, 2024, 2026, Kentucky Statutes. The contrary is the appellants' contention, coupled with the plea of settlement and estoppel against the former ward, since she had received the notes in which her estate had been invested and ultimately the land securing them. Over against this plea is that of infancy at all times. Under the view we take of the case, these particular issues are wholly immaterial.

Although all of the judges may have been negligent and faithless in the respects claimed, (a matter we do not decide) yet if no loss was sustained by the ward by reason thereof, neither the judges nor their sureties can be held responsible. American Surety Company v. Skaggs' Guardian, 247 Ky. 687, 57 S. W. (2d) 495. As is related in Drinkard v. George, 237 Ky. 560, 36 S. W. (2d) 56, H. N. Lewis, the guardian, had loaned his mother and surety $9,324.29 on April 1, 1923, payable on demand; and on May 9, 1924, Mrs. Lewis secured the notes by a mortgage on land which she then owned. This included a 400-acre farm then having a minimum value of $15,000, according to the evidence, and also some mineral rights in another large tract, the value of which at that time not being very satisfactorily shown,

but certainly having some value. Thereafter she conveyed the property to her son, which conveyance was held to have been for the use and benefit of the ward. The guardian, however, had mortgaged the property to T. M. George to secure a $4,000 note. Of this, $2,000 went to his ward at once, and this court held, in effect, that so far as she was concerned the balance was not a valid lien against the property. Pending the appeal of that case, the judgment not being superseded, the farm was sold for $5,600. Upon a return of the case, Mr. George paid Mrs. Drinkard what he had collected on his judgment, which amounted to $2,540.07. In the end it was ascertained that the ward had received $4,367.08 less than the full investment, and that sum, as stated, was adjudged against the sureties on the bonds of four county judges who had served during the period of guardianship, except for a brief time at the beginning of 1921.

That loss was not occasioned by reason of any insufficiency in the guardian's bond, nor any failure to comply strictly with the law as to timely settlements, nor any breach of duty. It came about wholly through a depreciation in the security in which the ward's estate was invested. The statutes authorize investment by a fiduciary of a trust estate in mortgage notes or such other interest-bearing securities as are regarded by prudent business men as safe investments, with certain exceptions not material here. Section 4706, Statutes. A guardian is required only to exercise such prudence as ordinarily prudent men do in their own affairs in investments of this character. Bohn v. Bohn's Guardian, 229 Ky. 608, 17 S. W. (2d) 712. It very satisfactorily appears from the evidence that when the mortgage was given by Mrs. Lewis upon her property it was amply sufficient as security, and the investment was a proper one. The loss that ultimately resulted was due to depreciation in values. Cf. Bowling v. Bank of New Haven, 219 Ky. 731, 294 S. W. 499, 500. The surety on a guardian's bond is not a guarantor against such losses. He only pledges himself and his property that the guardian will faithfully perform his duties. Nor is the county judge or his surety such an insurer. Had the guardian's surety at all times been well worth the amount of his or her liability to the ward, or had the respective county judges required settlements strictly

according to the statute, the result would have been the same. Therefore, the court is of opinion that no cause of action was proven against the appellants, and that the petitions should have been dismissed.

Wherefore the judgment is reversed, with directions so to do.