Denver Lee VAUGHN, Appellant,

v.

Judith Ann WEBB and Joseph T. Ray, Appellees.

No. 94–CA–002386–MR.

Court of Appeals of Kentucky.

Nov. 17, 1995.

Tracy S. Arnold, Louisville, for appellant.

Chris Gorman, Attorney General, William B. Pettus, Frankfort, for appellee, Joseph T. Ray.

Before LESTER, C.J., and JOHNSTONE and WILHOIT, JJ.

LESTER, Chief Judge.

This is an appeal from a judgment supported by an opinion dismissing appellant's claim for damages against appellee, Jefferson District Judge Joseph T. Ray.

In a very thorough well-reasoned opinion, the trial court dismissed Denver Vaughn's complaint upon the doctrine of judicial immunity. Based upon our review of the record, the briefs and the law as enunciated by the circuit court, we find that we are unable to improve thereon and accordingly, adopt that opinion as our own:

In his complaint, Plaintiff Vaughn alleges that he is the beneficiary of a trust established on November 4, 1981, and administered through the Jefferson County District Court. According to the Plaintiff, Defendant Judith Ann Webb was appointed the Guardian/Conservator of the trust and Defendant American States Insurance Company executed a surety bond on behalf of Webb in the amount of $10,000.00. In general, the Plaintiff contends that Webb failed to properly manage the Trust in accordance with the existing laws. This Defendant, Judge Joseph T. Ray, has been sued for monetary damages based upon his approval of Webb's last accounting of the trust on February 5, 1990. Vaughn alleges

that Judge Ray did not properly perform his judicial duties on this date by (1) approving the settlement as presented to the court by Webb and (2) failing to increase the bond to protect Vaughn from loss.

■ The acts of Judge Ray, exercised within his jurisdiction, were judicial acts, not administrative acts and Judge Ray is entitled to the protection of judicial immunity. Under federal law, a judge is immune from personal liability for judicial acts if at the time he acted, regardless of whether he acted in error, maliciously, or in excess of his authority, he had jurisdiction over the subject matter before him. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1977); *Stump v. Sparkman,* 435 U.S. 349, [356–58], 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978). *Allsup v. Knox,* 508 F.Supp. 57 (1980). Kentucky Courts have also adopted the doctrine of judicial immunity. *Louisville v. Bergel,* Ky., 610 S.W.2d 292 (1980); *Henry v. Wilson,* Ky., 249 Ky. 589, 61 S.W.2d 305 (1933).

■ As conceded by the Plaintiff, the acts taken by Judge Ray with respect to the management, settlement, and bonding of the trust account for Vaughn were within his jurisdiction. Pursuant to KRS 387.020(1), district courts are vested with exclusive jurisdiction for the appointment and removal of guardians, and for the management and settlement of their accounts. Specifically, KRS 387.070 provides that no guardian is to act until he has given bond to the Commonwealth of Kentucky with good surety approved by the District Court. In addition, KRS 395.600 provides, in part, that the District Court shall make settlements with guardians.

■ The acts of Judge Ray were judicial acts. In determining whether an act by a judge is a judicial act one must consider "whether it is a function normally performed by a judge, and ... whether [the parties] dealt with the judge in his judicial capacity." *Stump v. Sparkman,* [435 U.S. at 362], 98 S.Ct. at 1107. Pursuant to the statutes cited above, District Court judges are vested with exclusive jurisdiction over the matters involved in the underlying case and therefore, these acts are certainly acts customarily per-formed by a judge. In addition, the acts complained of can in no way be characterized as administrative, legislative, or executive. At the time Judge Ray approved the settlement as submitted, he was acting as a District Court Judge. It is only because Judge Ray holds the position as a District Court judge that the matter came before him. Therefore, Judge Ray's acts were judicial acts entitled to absolute immunity.

The Plaintiff contends that certain Kentucky statutory provisions provide an exception to the rule of judicial immunity by imposing personal liability on judges for negligent acts such as those allegedly committed by Judge Ray in the instant case. This Court does not believe any of the statutes upon which the plaintiff relies impose personal liability on Judge Ray.

■ KRS 387.070(5) imposed personal liability on judges who failed to take a bond or accept persons as surety when the Court was not satisfied with their sufficiency as surety. While it has been pointed out by Judge Ray's counsel that this statute has not been interpreted to apply to District Judges, it seems logical that it did apply to them until it was repealed on July 14, 1992 because District Judges now carry out the responsibilities concerning guardians that County Judge/Executives used to perform under a nearly identically worded statute.

■ The statute applies when either of two things occur, neither of which occurred in this case. One occurrence which could result in personal liability is for the Court to fail to take a bond. That is not the case here. The Court set a bond of $10,000.00 when the petition was filed originally. At that time the assets had a value of $10,000.00 and the Court set a bond of $10,000.00. The Court took a bond in the amount of $10,000.00 secured by corporate surety.

The second circumstance which could result in personal liability would be for the Court to accept someone as surety when the Court was not satisfied with the surety's sufficiency. This Court does not interpret that language to have anything to do

with the sufficiency of the amount of the bond. The Court interprets that language to mean the Court accepts someone as surety when the Court is not satisfied the surety has sufficient financial resources to secure the bond. There is absolutely no evidence that the judge was not satisfied that American States Insurance Company had sufficient assets to secure the bond.

What appears to be the situation here is that the value of the assets grew to an amount which exceeded the amount of the original bond and the presiding judge did not order an increase in the amount of the bond. None of the statutes upon which the plaintiff relies impose personal liability on the judge for failure to increase a bond once one has been set.

■ KRS 395.640 imposes upon District Judges the obligation to annually review the sufficiency of fiduciary bonds. In addition, KRS 62.060 provides, in part,

> The bond of each fiduciary shall be fixed in a penal sum of not less than the estimated value of the estate which the fiduciary is in charge of. The officer or officers taking any bond mentioned in this section may, at any time when it appears to be the interest of the obligee, increase the penal sum of the bond or require a renewal thereof with other or additional sureties.

Neither of these statutes contain provisions which make the District Judge personally liable if he, with respect to KRS 395.640, fails to require a new bond or additional surety on the old one or if he, with respect to KRS 62.060, fails to fix the bond in a penal sum which is less than the estimated value of the estate or fails to, when it appears to be in the interest of the obligee, increase the penal sum of the bond or require a renewal thereof with other or additional sureties.

The Plaintiff cites to two cases, *Rider's Ex's. v. Sherrard's Guardian*, [231 Ky. 112] 21 S.W.2d 147 (1929) and *American Surety Co. of New York v. Skaggs' Guardian et al*, [247 Ky. 687] 57 S.W.2d 495 (1933) in support of his argument that Judge Ray is subject to personal liability for any failure to fulfill the duties outlined

in the foregoing statutory sections. In *Rider's Ex's* and *American Surety Co.* the Kentucky Court of Appeals held that the duties imposed upon county judges by statutes codified differently but otherwise essentially the same as those identified above were mandatory and that the county judges were liable for any loss that resulted to the ward as a result of their negligence or failure to comply with these statutory provisions. Both cases involved insufficient bonds. This Court finds that these cases are not authority for imposing liability on Judge Ray. The cases were decided prior to the reformation of the Kentucky judicial system in 1978. These cases were decided when county judges who performed both judicial and executive acts were taking bonds and approving persons as surety, not District Court judges. While this Court finds these statutes impose duties on District Court judges as they did county judges, this Court does not believe, taking into consideration the evolution of the law of judicial immunity, the Court of Appeals would, if revisiting this issue today, impose personal liability on District Court judges as they did county judges pursuant to these statutes.

■ Neither of these statutes states that judicial immunity has been abrogated and this Court will not imply abrogation absent language of this nature indicating a clear legislative intent to do same. See *Ruby Lumber Co. v. K.V. Johnson Co.*, [299 Ky. 811] 187 S.W.2d 449, 453 (1945); *Benjamin v. Goff*, [314 Ky. 639] 236 S.W.2d 905, 906 (1951).

■ Imposing personal liability on District Court judges by legislation implicates Sections 27 and 28 of the Kentucky Constitution which establish the separation of powers doctrine. As stated in *Legislative Research Com'n v. Brown*, Ky., 664 S.W.2d 907, 914 (1984)

> any statute subject to the scrutiny of Sections 27–28 of the Kentucky Constitution should be judged by a strict construction of those time-tested provisions.

Any statute imposing duties upon District Court judges which does not explicitly impose personal liability for failure to comply

with its provisions must be construed in accordance with the separation of powers doctrine.

Judge Ray was acting within his jurisdiction when he entered the order of February 5, 1990, approving the periodic settlement filed by the guardian. His act was a judicial act, not an administrative act, and the plaintiff's claim is barred by the doctrine of judicial immunity.

The judgment is affirmed.

JOHNSTONE, J., concurs.

WILHOIT, J., concurs and files a separate opinion.

WILHOIT, Judge, concurring.

I concur with the majority. I write only to point out that the legal theory behind holding a county judge liable to a ward in a case such as this was that in performing his duty to annually inquire into the sufficiency of a guardian's bond, the judge was not acting in a purely judicial capacity but as a "fiscal agent" of the state. *See Cosby v. Commonwealth,* 91 Ky. 235, 15 S.W. 514 (1891). For that reason, judicial immunity was not thought to be applicable. Under the present state of our law, Judge Ray's approval of the guardian's settlement was clearly a judicial act.